PAUL HOULT, RODNEY EADS, AND HUBERT BEX *v.* ROGER GRUBB.

[No. 1-1073A174. Filed February 28, 1974.]

*Stephen L. Ferguson,* of Bloomington, for appellants.

*Richard L. Wilder,* of Bloomington, for appellee.

PER CURIAM—This cause is before the Court on the Appellee's Motion to Dismiss Appeal or in the alternative to affirm the Judgment of the Trial Court. Those points raised in appellee's motion which are dispositive of our consideration of the motion are as follows:

(a) That the questions sought to be raised on appeal depend on evidence for their determination, and there is no evidence in the record of the proceedings;

(b) That appellants filed a Motion to Correct Errors based on evidence outside the record and did not file affidavits to sustain such motion as required by Trial Rule 59 (D).

The record reveals the following course of events in the trial court.

On April 16, 1971, the plaintiff-appellee filed his Complaint for replevin against the defendants-appellants. On May 6, 1971, the defendants were defaulted and on the next day, May 7, the Court entered judgment in favor of the plaintiff. On May 11, 1971, the defendants appeared by counsel, filed a motion for relief from judgment and filed an Answer to the

Complaint. After other motions filed and orders entered, none of which are pertinent to the issues discussed herein, the Court, on April 2, 1973, denied defendants' motion for relief from judgment. The order book entry on this transaction is as follows:

> "And afterward, to-wit, on the 2nd day of April, 1973 before the said Honorable Judge, the following proceedings were had in said cause: Plaintiff appears by counsel, Richard L. Wilder; defendants appears by counsel, Thomas A. Berry; and the Court now hears argument on the defendants' motion for relief from judgment filed May 13, 1971; and the Court now finds that the defendants' joint motion for relief from judgment should be denied; and the Court further finds that the default judgment entered in this cause on May 7, 1971, should be amended nunc pro tunc, and the Court now enters judgment jointly and severally against each of the named defendants in the total sum of $1,590.00, all without relief from valuation and appraisement laws, effective this date and upon entry of this judgment in the judgment docket of this Court, the Clerk of Monroe County is now ordered to show the judgment entered May 7, 1971, in this cause to be fully satisfied. JUDGMENT."

Thereafter on May 21, 1973, the defendants filed their Motion to Correct Errors which was subsequently denied, and this appeal followed.

The defendants'-appellants' Motion to Correct Errors, omitting formal parts, reads as follows:

"1. The award of money in lieu of the goods sought to be replevied fails to consider that Defendants had already returned some of the goods and were ready, willing, and able to return those others of the goods which remained in their possession.

"2. Defendants Rodney Eads and Hubert Bex should not have been subject to the judgment in that:

They were purchasers for value of goods from Defendant Paul Hoult either acting on behalf of his partnership with Plaintiff, Roger Grubb and others, or under the guise of same, in which case the legal rights in the goods had passed to Defendants Eads and Bex.

"3. Defendants Rodney Eads and Hubert Bex should not have been subject to the full judgment in that:

In the event (2) be considered not established and Defendants Eads and Bex be considered in wrongful possession of certain goods, their liability is limited to the goods or value of the goods they actually possessed."

There are no affidavits in support of the Motion to Correct Errors and the motion is not verified. There is nothing in the record either by way of direct testimony in Court, deposition, verified pleadings, or affidavit to support any of the three points attempted to be raised by the Motion to Correct Errors.

Thus, the allegation in the Motion to Correct Errors that the defendants have already returned some goods is not supported by the record, and the argument concerning whether Eads and Bex were, or were not, purchasers for value is not supported by anything that appears in the record. Likewise there is nothing to show what the value was of the goods possessed by Eads and Bex.

None of the appellants' alleged errors is supported by the record. The appellee's motion to affirm is therefore sustained.

Judgment affirmed.

NOTE.—Reported at 307 N.E.2d 508.