STATE OF INDIANA ON THE RELATION OF THE MENTAL HEALTH COMMISSIONER, WILLIAM ELLSWORTH MURRAY, M.D. *v.* THE ESTATE OF VERA E. HEITHECKER, DECEASED, ALBERT C. HEITHECKER AS ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF VERA E. HEITHECKER, DECEASED

[No. 1-375A55.  Filed December 8, 1975.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellant.

Robert F. Hunt, Norman L. Lowery, Rosenfeld, Wolfe, Frey & Lowery, of Terre Haute, for appellees.

ROBERTSON, C.J.—The State of Indiana on the relation of the Mental Health Commissioner brings this appeal from the trial court's dismissal for want of prosecution of its claim against the estate of Vera Heithecker.

The sole issue upon appeal is whether dismissal was properly entered. We find no abuse of discretion and affirm.

The proceedings below relevant to this appeal are as follows:

On November 10, 1972, the State filed, in the Vigo Circuit Court, a claim against the estate of Vera Heithecker for the sum of $6,352.66. The claim was disallowed on the same date by attorneys for the personal representative, Albert Heithecker. The estate filed its answer and request for jury trial on November 14, 1972.

Nearly two years later on October 15, 1974, the estate filed a motion to dismiss the claim for want of prosecution. On October 29, 1974, the court held a hearing on the motion consisting of the oral arguments of counsel after which the court granted the motion and dismissed the State's claim. The State filed its motion to correct errors on December 3, 1974, and attached to the motion certain unverified documents which purported to show that the State had diligently prosecuted its claim. On December 16, 1974, the court overruled the motion to correct errors, and this appeal follows.

The State contends upon appeal that the court below erred in dismissing its claim for want of prosecution.

Indiana cases have long upheld the power of the trial court to dismiss an action for want of prosecution, based upon the administrative discretion of the court over the conduct of its business. Swain v. City of Princeton (1970), 147 Ind. App. 174, 259 N.E.2d 440; Cabinet Makers Union v. City of Indianapolis (1896), 145 Ind. 671, 44 N.E. 757.

This power may now be exercised under Ind. Rules of Procedure, Trial Rule 41(E) which reads as follows:

"(E) Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."

The rule provides that when no action has been taken in a civil case for sixty days, the court upon its own motion or that of a party shall order a hearing for the purpose of considering a dismissal of the case. Unless the plaintiff shows a sufficient cause or excuse at the hearing, a dismissal shall be entered.

The determination of the trial court to dismiss may be reversed upon appeal only if the dismissal constitutes a clear abuse of discretion. *Swain, supra.*

In the present action, the estate moved for dismissal on October 15, 1974, alleging that no action had been taken on the case during the preceding six months. The court ordered a hearing, and both sides appeared and gave arguments. The court determined from the evidence before it that no action had been taken on the case for approximately two years and ordered the case dismissed.

When the State filed its motion to correct errors, it attached to the motion several documents including correspondence with the attorneys for the estate. By these documents, the State was attempting to show that it had been diligently pursuing its claim. On appeal the

State has again attempted to rely upon these documents. However, the documents were not introduced into evidence below, but were merely attached in unverified form to the motion to correct errors. Ind. Rules of Procedure, Trial Rule 59(D) provides:

"When a motion to correct errors is based upon evidence outside the record, the cause must be sustained by affidavits showing the truth thereof served with the motion."

The documents were not properly presented to the court below and therefore may not be considered by this court on appeal. *Hoult* v. *Grubb* (1974), 159 Ind. App. 454, 307 N.E.2d 508.

The State further contends that the trial court had *no* discretion to dismiss the case for want of prosecution because the delay in the case was due to the failure of the trial court to set a trial date. The State argues that once its claim was filed and disallowed by the administrator, there was nothing more for either party to do but wait for the court to set the claim for trial. We do not agree.

The burden of moving the litigation is upon the plaintiff, not the court. It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so.

The record does not show that the State filed a motion requesting that a trial date be set, nor does it indicate that any action had been taken on the case for approximately two years. Furthermore, at the hearing for dismissal, the State produced no evidence to excuse its inactivity.

In light of the facts before the trial court, we cannot say there was a clear abuse of discretion in the court's decision to dismiss the action.

The dismissal is affirmed.

Lowdermilk and Lybrook, JJ., concur.

Note.—Reported at 338 N.E.2d 313.