Michael JONES, Appellant (Plaintiff Below),

v.

CITY OF LOGANSPORT; Clyde E. Williams and Associates, A Corporation; Zimpro, Inc., A Division of Sterling Drug Company, A Corporation, Appellees (Defendants Below),

v.

The GRUNAU COMPANY, INC., (Third Party Defendant Below).

No. 3–781A181.

Court of Appeals of Indiana, Third District.

Aug. 30, 1982.

Floyd F. Cook, Kokomo, Smith, Helmerick & Smith, Lafayette, for appellant.

Tom F. Hirschauer, Logansport, for appellee City of Logansport.

Paul E. Becher, Elkhart, for appellee Clyde E. Williams and Associates, Inc.

Arthur G. Surguine, Jr., Fort Wayne, for appellee Zimpro, Inc., A Div. of Sterling Drug Co., A Corp.

## ON PETITION FOR REHEARING

STATON, Judge.

While a waste treatment plant was constructed for the City of Logansport, Indiana, Michael Jones was injured. He was holding a cable attached to a crane when the crane either came into contact with high voltage electrical lines or was close enough to the lines for the electricity to arc from the electrical lines to the crane. Jones alleged at trial that his injuries were the result of the negligence of several defendants. The jury returned a verdict against Jones. We addressed his appeal from that trial in our opinion *Michael Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138. '

In his appeal, Jones had argued that the trial court had erred when it rejected part of his tendered instruction number 8 be-

cause his instruction was a correct statement of the law. We stated that according to Ind.Rules of Procedure, Appellate Rule 8.3(A)(7) Jones had waived this issue because he had not supported his statement with any authorities. On rehearing, Jones argues that he did not waive this issue as follows:

"Since Instruction 8 is premised on the non-delegable duty which an owner owes to workers to keep his premises reasonably safe and is supported by the authorities cited, this Honorable Court erred in holding that Jones had waived this most important issue. Counsel for Jones was frustrated throughout this trial by the trial Court and counsel for both Zimpro and Logansport's positions that non-delegable duties as to either of said parties was not applicable. Therefore, it is hoped that Jones' counsel's efforts to explain what a non-delegable duty is will be better understood by this Court. Surely, it is the law in Indiana that an owner-contractee owes a non-delegable duty to furnish all workers a safe place to work, as per the foregoing cited cases. This was Instruction 8 and counsel takes the blame for going all the way around the barn to reach the front gate. However, along the way he does cite the necessary authorities to support instruction 8 even though he mixed them up so thoroughly with the Doctrine of non-delegable duties as to cause a busy Court to miss our argument contained in eight pages of the brief."

On page 1145 in footnote number 7 we noted our preference of deciding issues upon their merits. We further stated as follows:

"We have also struggled to decipher all the issues and answer them in this opinion. Any issue we missed is deemed waived as Jones had the duty to clearly present the issues and argument. AP. 8.3(A)(7). *McManus v. State* (1982), ___ Ind. ___, 433 N.E.2d 775."

■ Jones chose to argue several issues, not necessarily related, at the same time. He jumped from issue to issue and back again. Now he *clearly* argues that authorities that strongly support his other issues also can support his tendered instruction number 8. He admits his argument was mixed up, and he now attempts to decipher part of his argument. Unfortunately, this organization and elaboration of his argument comes too late. The date for the separation of the issues in the brief and the alignment of authorities with those issues is long past. This Court carefully and meticulously struggled through Jones's 108 page brief; therefore, it is not through lack of attention to Jones's brief that we were unable to comprehend which authorities he intended to support his argument concerning tendered instruction number 8. We can not allow Jones to reopen his appeal and reorganize and elaborate his brief on rehearing. The issue was waived.

On rehearing, Jones argues that we correctly found Jones's tendered instruction 9 and 10 to be correct statements of the law, but we erroneously found no error on the ground there was no evidence of notice to Logansport.

■ It must be remembered that when we consider whether any error results from the refusal of a tendered instruction, we must determine whether (1) the tendered instruction correctly states the law, (2) there is evidence in the record to support the giving of the instruction, (3) the substance of the instruction is covered in another instruction accepted by the court. *Dahlberg v. Ogle* (1978), 268 Ind. 30, 373 N.E.2d 159, 164–165. This Court does not search the record to reverse the trial court. *General Motors Corp. v. Review Board of Ind. Employment Security Division* (1970), 146 Ind.App. 278, 255 N.E.2d 107, 111; therefore, it is the duty of the proponent of the refused instruction to cite to the record where the evidence may be found that supports the giving of the instruction. Jones was required in his argument[1] to cite the

1. On rehearing, Jones notes that he cited supporting evidence in his statement of the facts.

Ind.Rules of Procedure, Appellate Rule 8.3(A)(7) states: "The argument shall contain

evidence in the record that Logansport knew or should have known the construction workers were being exposed to the uninsulated wires. We noted that his one example of evidence in the record did not support the giving of the instruction; therefore, *for purposes of his appeal*, there was no evidence that Logansport knew or should have known that construction workers were being exposed to uninsulated wires. Our statement should not be interpreted to mean that we searched the record to reverse the trial court and determined no evidence existed that Logansport was aware of the situation; therefore, our opinion should be changed to read as follows: While we agree with Jones's statement of the law we do not find Jones within the exception because there is no evidence cited in the record that the City of Logansport knew or should have known that the construction workers were being exposed to the uninsulated wires.

Jones also seems to argue that Logansport did not deny it knew or should have known about the construction workers being exposed to the uninsulated wires and whether Logansport knew or should have known was not an issue of the case. His argument is refuted by his own tendered instruction no. 10 which required the jury to determine if Logansport knew or should have known about the workers and the wires. This issue was to be proved by Jones.

Petition for rehearing is denied.

HOFFMAN, P. J., concurs.

GARRARD, J., votes to deny petition for rehearing without opinion.

... citations to ... parts of the record relied upon, and a clear showing of how the issues ... relate to the particular facts of the case under review." This rule requires Jones to supply the pieces of the puzzle and to put the puzzle together. Jones can not be heard to complain on rehearing when he did not comply with this rule.