**Cedric GIBBS, Appellant (Plaintiff Below),**

v.

**DOUGLAS M. GRIMES, P.C., Douglas M. Grimes, and Shirley M. Coleman, Appellee (Defendant Below).**

No. 3–685–A–139.

Court of Appeals of Indiana, Third District.

March 5, 1986.

Harry A. Psimos and Mark A. Psimos, Merrillville, for appellant.

Douglas K. Dieterly and Lynn C. Tyler, Barnes and Thornburg, South Bend, for appellee.

STATON, Presiding Judge.

Cedric Gibbs filed an action for legal malpractice against Douglas M. Grimes, P.C., Douglas M. Grimes, and Shirley M. Coleman. Defendants' motions for summary judgment and dismissal for failure to prosecute were granted. Gibbs appeals, raising three issues:

I. Whether the trial court erred in granting summary judgment for Defendants;

II. Whether Defendants' Motion for Summary Judgment deprived the trial court of jurisdiction to rule on the Motion to Dismiss; and

III. Whether the trial court abused its discretion in granting Defendants' Motion to Dismiss.

We reverse in part and affirm in part.

### I.

#### Summary Judgment

Gibbs was employed on a permanent basis by Serstel Corporation in the Bethlehem Steel coke ovens. After an incident with a Bethlehem supervisor on September 7, 1978, Gibbs left work, and when he returned the next day he had been removed from the coke oven crew and reclassified as a temporary employee. Later, Gibbs filed a grievance with Laborer's International Union, Local 81, pursuant to its collective bargaining agreement with Serstel.

Gibbs' complaint was scheduled for arbitration, with Shirley Coleman representing Gibbs before the arbitrator. On October 2, 1979, the arbitrator issued a decision awarding Gibbs reinstatement with backpay less a one-month suspension which the arbitrator deemed appropriate.

Serstel refused to implement the arbitration award, and on October 31, 1979 filed a complaint in Porter County Superior Court to have the award either vacated or modified. Both Gibbs and the union were named as defendants, and on the union's petition, the cause was removed to the United States District Court for the Northern District, Hammond Division, where it became Cause No. H79–565. Gibbs and the union filed an answer and counterclaim on November 23, 1979, seeking enforcement of the arbitration award and damages for Serstel's refusal to follow the award; during this phase of litigation, Estelle Powell represented Gibbs.

On July 16, 1980, by attorneys Murray Woolley and Estelle Powell, Gibbs filed a complaint in federal court, Cause No. H80–374, seeking damages for Serstel's refusal to implement the arbitration award. On March 26, 1981, Coleman resumed her representation of Gibbs, entering both H79–565 and H80–374. On August 25, 1981, Coleman stipulated in writing to the dismissal of H80–374 without prejudice. It is disputed whether Gibbs knew of or consented to this dismissal. It is also disputed whether Coleman was employed by or associated with Douglas M. Grimes, P.C. at the time of the dismissal.

On November 1982, with Estelle Powell representing Gibbs, Gibbs, the union, and Serstel all filed Motions for Summary Judgment in H79–565. The trial judge entered judgment in favor of Gibbs, remanding the award to the arbitrator for reconsideration and possible revision in view of the passage of time.

Gibbs filed this action for legal malpractice in August 1983, alleging that he did not know of or consent to the dismissal of H80–374, and that the loss of that cause of action prejudiced him. In their answer,

Defendants alleged that H80–374 was duplicative of Gibbs' counterclaim in H79–565. Defendants filed a legal memorandum in support of their Motion for Summary Judgment, in which they discussed certain pleadings and orders from H79–565 and H80–374. Certified copies of these documents were appended to the memorandum as exhibits. It is not clear from the record that Gibbs has provided us whether these exhibits were served on him with the Motion for Summary Judgment, but he should have seen them due to his involvement in H79–565 and H80–374. Relying on the Defendants' exhibits, the trial judge determined that there was no genuine issue of fact as to whether H79–565 and H80–374 were duplicative, and that this fact was dispositive. Summary judgment was entered for Defendants.

■ Gibbs asserts that the trial court should not have considered Defendants' exhibits in making its decision because they were not mentioned in and attached to Defendants' supporting affidavits. Gibbs cites Ind. Rules of Procedure, Trial Rule 56(E), which provides, in part:

Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or, within the discretion of the judge, testimony of witnesses.

We do not read Trial Rule 56(E) as narrowly as Gibbs would suggest. While it is clear from the rule that exhibits referred to in supporting affidavits must be attached to or served with them, we read nothing in the rule that would prohibit exhibits from being presented for the trial court's consideration in any other manner. See *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 364 N.E.2d 1024, 1030–31.

■ In further support of his objection to the trial court's consideration of Defendant's exhibits, Gibbs cites cases discussing types of evidence which cannot be considered. *E.g. Vanco v. Sportsmax, Inc.* (1983), Ind.App., 448 N.E.2d 1198 (state-

ments of fact in legal memoranda); *Freson v. Combs* (1982), Ind.App., 433 N.E.2d 55 (briefs, unsworn statements and commentary, and uncertified exhibits). The certified court documents involved in this case are easily distinguishable from the evidence rejected in the cited cases. They would be admissible at trial, and they may also be considered by the trial court in ruling on a Motion for Summary Judgment. *See Middelkamp, supra;* 6 *Moore's Federal Practice* para. 56.11[1.–8] (1985).

■ Even considering Defendants' exhibits, however, we do not agree with the trial court that summary judgment was proper. In reviewing a grant of summary judgment, this court uses the same standard applicable to the trial court. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, 1143, *reh. denied,* 439 N.E.2d 666. The summary judgment procedure should be used with extreme caution, and should not be used as an abbreviated trial. *Id.* Even if the facts are not in dispute, summary judgment is inappropriate if conflicting inferences may be drawn from the facts, and any doubt should be resolved in favor of the nonmovant. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729 (*trans. den.*); *Carrow v. Streeter* (1980), Ind.App., 410 N.E.2d 1369, 1373.

■ Summary judgment was inappropriate in this action. It could be inferred that the arbitrator, on remand in H79–565, would not award Gibbs the damages he sought for failure to implement the award and for alleged harassment after the award was entered. To prevail in this action for legal malpractice, Gibbs must prove, among other things, that he would have received different and greater relief in H80–374 than he would have received in H79–565, and a full evidentiary trial is more appropriate for such a question than summary judgment proceedings. We reverse the trial court's grant of summary judgment.

## II.

### Jurisdiction

■ Gibbs argues the trial court had no jurisdiction to rule on a Motion to Dismiss, once the Motion for Summary Judgment was filed. In support of this argument, Gibbs can only cite a case in which the trial court's jurisdiction was limited by statute. *Cha v. Warnick* (1983), Ind.App., 455 N.E.2d 1165, *rev'd* (1985), 476 N.E.2d 109. There were no such limitations on the trial court's jurisdiction in this case. The trial court had jurisdiction to rule on Defendants' Motion to Dismiss.

## III.

### Abuse of Discretion

■ Gibbs' complaint in this action was filed pro se on August 25, 1983. Defendants filed their answer on October 17, 1983. The record does not indicate that Gibbs made any further attempts to communicate with the court or with Defendants until Defendants filed their Motion to Dismiss and Motion for Summary Judgment on October 29, 1984. After these motions were filed, Gibbs was granted a continuance, and appeared with counsel at the hearing on the motions on February 15, 1985. Gibbs testified at the hearing that he had contacted approximately fifteen attorneys prior to filing his complaint, and at least eight attorneys after filing the complaint, although he could not provide the names of all of these attorneys. The trial court granted Defendants' Motion to Dismiss.

Gibbs argues that this dismissal was an abuse of discretion. The trial court's authority to dismiss for failure to prosecute arises from its administrative discretion in the conduct of its business. *Farley v. Farley* (1977), 172 Ind.App. 120, 359 N.E.2d 583, 588. This authority is further grounded in Trial Rule 41(E), which provides in part:

Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion

shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. We will reverse a dismissal for failure to prosecute only in the event of an abuse of discretion, *Farinelli v. Campagna* (1975), 166 Ind.App. 587, 338 N.E.2d 299, 304, and such an abuse occurs only if the trial court's decision is against the logic and effect of the facts and circumstances before it. *In re Marriage of Larkin* (1984), Ind.App., 462 N.E.2d 1338, 1343. We will affirm if there is any evidence supporting the trial court's decision. *Id.*

In this case, there was sufficient evidence that Gibbs let the action lie dormant after filing his complaint. Gibbs argues that it was the trial court's duty to advance his cause to trial citing Trial Rule 40.[1] In *State ex rel. Murray v. Estate of Heithecker* (1975), 167 Ind.App. 156, 338 N.E.2d 313, 314–15, this court expressly rejected that argument and affirmed that the burden of advancing a cause to trial rests on the plaintiff, not on the court.

Gibbs argues that he had difficulty obtaining counsel, in part because of Defendant Douglas M. Grimes' position as a City Judge, and in part because of the fees which would be required. It is unclear from Gibbs' testimony at the hearing on the Motion to Dismiss how many attorneys declined to represent Gibbs because of Grimes' position and how many simply demanded a larger retainer than Gibbs believed he could pay. Particularly in light of Gibbs' ability to obtain counsel after the Motion to Dismiss and Motion for Summary Judgment were filed, his reasons for delay in prosecuting this cause resemble the "argumentative denials of personal neglect" this court rejected in *Swain v. City of Princeton* (1970), 147 Ind.App. 174, 259

N.E.2d 440, 443. They do not warrant reversal of the dismissal for failure to prosecute. Finding no error, we affirm the dismissal.

GARRARD, J., concurs in result.

HOFFMAN, J., concurs and dissents with opinion.

HOFFMAN, Judge, concurring and dissenting.

I concur in affirming the dismissal but dissent in reversing the granting of summary judgment. The trial court was correct when it determined that the claims of Gibbs in both H80–374 and H79–565 were duplicative.

---

1. 1. Trial Rule 40 reads as follows:
   (A) Rules for assignment of cases. The trial courts shall provide by rule for placing of actions upon the trial calendar:
   (1) without request of the parties; or
   (2) upon request of a party and notice to the other parties; or

   (3) in such manner as the court determines will expedite trials.
   Precedence shall be given to actions entitled thereto by any statute of the state, including hearings upon temporary restraining orders, injunctions and receiverships.