**Cedric GIBBS, Appellant (Plaintiff Below),**

v.

**DOUGLAS M. GRIMES, P.C., Douglas M. Grimes, and Shirley M. Cole-Appellees (Defendants Below).**

**No. 3–685–A–139.**

Court of Appeals of Indiana, Third District.

April 22, 1986.

Harry A. Psimos and Mark A. Psimos, Merrillville, for appellant.

Douglas K. Dieterly and Lynn C. Tyler, Barnes & Thornburg, South Bend, for appellees.

## OPINION ON REHEARING

STATON, Presiding Judge.

Appellees, Douglas M. Grimes, P.C., Douglas M. Grimes, and Shirley M. Coleman (Grimes), petition this court for a rehearing of our opinion, *Gibbs v. Grimes,* (1986), 489 N.E.2d 638. In our earlier opinion, we reversed the trial court's grant of summary judgment for Grimes, and affirmed its grant of a motion for dismissal pursuant to Ind. Rules of Procedure, Trial Rule 41(E).

The petition is granted, with modification of our earlier opinion. We affirm the grant of summary judgment, as well as the T.R. 41(E) dismissal.

Briefly, Gibbs had been wrongfully discharged from employment with Serstel Corporation and had filed a grievance which was submitted for binding arbitration. The arbitrator ordered him reinstated with partial back pay, but Serstel refused to implement this award and filed a complaint to have it vacated or modified. Gibbs' union petitioned for removal to federal court, where the action became Cause No. H79–565. Gibbs and the union filed a counterclaim, seeking enforcement of the award and damages for Serstel's refusal to implement it.

Gibbs later filed a separate complaint in federal court, Cause No. H80–374, seeking damages for Serstel's continued refusal to implement the arbitration award and for harassment. After this action was filed, Shirley Coleman, who had represented Gibbs before the arbitrator, resumed her representation of him and stipulated in writing to the dismissal of H80–374 without prejudice. It is disputed whether Gibbs knew of or consented to this dismissal. Coleman then ceased representing Gibbs. Some time later, Gibbs was granted summary judgment in H79–565, and the award was remanded to the arbitrator for reconsideration in light of changed circumstances.

■ Gibbs filed a legal malpractice action against Coleman alleging that her dismissal of H80–374 prejudiced him. Gibbs also named as defendants Douglas M. Grimes, P.C., and Douglas M. Grimes individually, although it is disputed whether Coleman was associated with Grimes at the time she stipulated to the dismissal of H80–374. The trial court granted summary judgment for Grimes, finding that H80–374 was duplicative of H79–565. Upon reconsideration of the record, we must agree with the trial court that the two actions were duplicative, and that summary judgment was proper.

■ Although Gibbs argues that H80–374 was filed to redress wrongful acts by Serstel which continued after he filed his counterclaim in H79–565, we find that even these alleged wrongs are likely to be redressed through H79–565. The trial judge in that action remanded the award to the arbitrator "for reconsideration of its equities in view of any relevant changes in circumstances in the lengthy period since its entry."[1] We find in this an intent on the part of the trial judge that the arbitrator redress any wrongs occurring subsequent to the entry of the award, and provide Gibbs appropriate relief. Both the National Labor Relations Act, 29 U.S.C. § 151 et seq., and Indiana's Uniform Arbitration Act, Ind.Code 34–4–2–1, *et seq.,* allow an arbitrator to award damages. In light of this, any relief Gibbs sought in H80–374 was available to him in H79–565, and dismissal of H80–374 did not prejudice him.

We affirm the trial court's grant of summary judgment against Gibbs, as well as its T.R. 41(E) dismissal of Gibbs' action.

HOFFMAN and GARRARD, JJ., concur.

---

1. A reviewing court may, in exceptional circumstances, remand an award to the arbitrator. *Randall v. Lodge No. 1076, Intern. Ass'n., Etc.* (1981), 7th Circ., 648 F.2d 462; *Dogherra v. Safeway Stores, Inc.* (1982), 9th Cir., 679 F.2d 1293. While such exceptional circumstances usually involve vagueness in the language of the award, with the purpose of the remand being clarification by the arbitrator, we can find no authority which would prohibit the remand in H79–565.