Evelyn M. JONES, Appellant (Defendant Below),

v.

CENTRAL NATIONAL BANK OF ST. JOHNS and Barbara J. Wierick, as Personal Representative of the Estate of Gaylord E. Jones, Appellees (Plaintiffs Below).

No. 43A03–8902–CV–00063.

Court of Appeals of Indiana, Third District.

Dec. 19, 1989.

Stephen R. Snyder, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellant.

Brooks C. Pinnick, Richard K. Helm, Rockhill, Pinnick, Pequignot, Helm & Landis, Warsaw, for appellees.

STATON, Judge.

Evelyn Jones (Evelyn) appeals the summary judgment granted by the Kosciusko Circuit Court in favor of Plaintiffs–Appellees, Central National Bank of St. Johns (Bank) and Barbara J. Weirick (Weirick), the personal representative of the Estate of Gaylord Jones (Gaylord). The summary judgment set aside a transfer of stock to Evelyn from Gaylord which had been made approximately one year before Gaylord's death.

Evelyn presents us with several issues on appeal which we restate as:

1. Whether there is a genuine issue of material fact with regard to Gaylord's intent in transferring his stock to Evelyn?

2. Whether there is a genuine issue of material fact with regard to the necessity of recovering the transferred shares for payment of Gaylord's debt?

3. Whether the transfer of shares constituted constructive fraud thereby making a showing of intent unnecessary?

We reverse.

On May 5, 1982, Gaylord executed a promissory note with Central National Bank in exchange for a loan of seventy-five thousand dollars ($75,000.00). The transaction at issue in this case occurred in August, 1984, when Gaylord transferred all of his shares in First Charter Financial Corporation and all but one of his shares in Syracuse Bankcorp to his wife Evelyn. On August 6, 1985, Central National Bank obtained a judgment against Gaylord Jones for approximately $85,000.00 based on the unpaid promissory note.[1] Gaylord died September 5, 1985. On November 18, 1985, Bank initiated proceedings supplemental to enforce the judgment. Bank opened an estate as Gaylord's creditor and Barbara Weirick was appointed personal representative. In April 1986, Weirick

---

1. The original judgment on the note was obtained in Michigan in January, 1985.

filed a complaint to set aside the transfer of stock from Gaylord to Evelyn. In October 1988, Weirick filed a motion for summary judgment which the trial court granted in December 1988. The trial court ordered the transfer of shares from Gaylord to Evelyn be set aside and declared void. The court further ordered that the stock be delivered to Weirick for execution by Bank.

 On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the non-moving party. *Schrader v. Mississinewa Community School Corp.* (1988), Ind.App., 521 N.E.2d 949, 952, *trans. den.* Even if the facts are not in dispute summary judgment should not be granted if conflicting inferences arise. *Hostetler v. State Farm Fire & Cas. Co.* (1988), Ind.App., 521 N.E.2d 1357, 1360. This Court stands in the shoes of the trial judge when reviewing the disposition of a summary judgment motion. *Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402, 404, *rehear. den., trans. den.*

## I.

### Intent

Bank contends the stock transfer constituted a fraudulent conveyance and should therefore be set aside. IC 32–2–1–14 (Burns Code Ed., 1980 Replc.) provides that:

> All conveyances or assignments, in writing or otherwise, of any estate in lands, or of goods or things in action, every charge upon lands, goods or things in action, and all bonds, contracts, evidences of debt, judgments, decrees, made or suffered *with the intent to hinder, delay or defraud* creditors or other persons of their lawful damages, forfeitures, debts or demands, shall be void as to the persons sought to be defrauded.

(Our emphasis.) This section must be read together with IC 32–2–1–18 (Burns Code Ed., Supp.1989) which provides that:

> The question of fraudulent intent, in all cases arising under the provisions of this chapter, shall be deemed a *question of fact;* nor shall any conveyance or charge be adjudged fraudulent as against creditors or purchasers solely on the ground that it was not founded on a valuable consideration.

(Our emphasis.)

It is undisputed that Gaylord conveyed stock to Evelyn. This conveyance will not be deemed fraudulent unless it was done "with the intent to hinder, delay or defraud creditors". The determination of fraudulent intent is a "question of fact".

Bank argues that Gaylord's actual intent is immaterial. Bank cites *Jackson v. Russell* (1989), Ind.App., 533 N.E.2d 153, 155, *rehear. den., trans. den.,* for the proposition that even if Gaylord had a "pure" motive for transferring his shares to Evelyn the transaction could still be deemed fraudulent. We first note that *Jackson* was not a summary judgment case and that the trial court inferred fraudulent intent after weighing certain facts. In a summary judgment case all inferences must be construed in favor of the party opposing the motion. *Schrader* at 952. The *Jackson* court *inferred* fraudulent intent from the presence of several "badges of fraud". Although Jackson, the judgment debtor, set forth legitimate business reasons for property transfers he made, this court affirmed the trial court finding of fraudulent intent based on a concurrence of several "badges of fraud".

 Some of the badges from which fraudulent intent may be inferred include: the transfer of property by a debtor during the pendency of a suit; a transfer of property that renders the debtor insolvent or greatly reduces his estate; a series of contemporaneous transactions which strip a debtor of all property available for execution; secret or hurried transactions not in the usual mode of doing business; any transaction conducted in a manner differing from customary methods; a transaction whereby the debtor retains benefits over the transferred property; little or no consideration in return for the transfer; a

transfer of property between family members. *Jackson* at 155. No one of these indicia standing alone is determinative of fraudulent intent. There is no precise formula for drawing the line as to when there are sufficient indicia to constitute a determination of fraud. The general rule is that when there is a concurrence of several "badges of fraud"—"an inference of fraudulent intent *may* be warranted." (Our emphasis.) *Arnold v. Dirrim* (1979), Ind. App., 398 N.E.2d 442, 446. Because no one badge of fraud constitutes a per se showing of fraudulent intent the facts must be taken together to determine how many badges of fraud exist and if together they constitute a pattern of fraudulent intent. This determination is for the fact finder.

▪ Bank contends that a concurrence of the "badges of fraud" sufficient to prove fraudulent intent accompanied Gaylord's transfer of stock to Evelyn. Bank contends that Gaylord transferred the stock to Evelyn while there was a threat of suit against him. In support of this Bank provided an affidavit from its attorney, Paul Maples, which stated that the note was due and delinquent on April 30, 1984.[2] Maples stated that he corresponded with Gaylord on May 22, 1984, demanding payment and informing him that proceedings to enforce collection would be instituted if necessary. In her affidavit opposing the summary judgment motion Evelyn stated that Gaylord received a letter from Bank on August 11 or 12 (*after* the transfer) requesting payment of the note. She stated that Gaylord contested his liability for the note and she submitted a letter from Stephen Snyder, Gaylord's attorney, to Bank which set out the basis for this claim. According to this letter the notes renewing the original obligation were not executed by Gaylord and renewals of the obligation were made without his authorization. The letter also states that "[n]o notices of interest due, delinquencies or renewals have been sent to Mr. Jones except for your letter of August 9." R. 283. This would allow the inference that Gaylord was not aware of the threat of a suit against him on the note at the time he transferred the shares to Evelyn.

Bank contends that the stock transfer rendered Gaylord insolvent or greatly reduced his estate. In support of this Bank included in its memorandum in support of its motion for summary judgment a list of Gaylord's assets at the time of the stock transfer. According to this list Gaylord held a note from Coppes, Inc. with a face value of $75,000.00 and a note from Regal investment with a face value of $200,000.00. Bank contends these notes were of no value and supports this contention with the affidavit of Richard C. Mynsberge, President of both Coppes, Inc. and Regal Investment Corporation. Mynsberge stated that both businesses were insolvent on August 7, 1984 (the date of transfer) and could not repay Gaylord. In her affidavit Evelyn contends that, at the time of the transfer, she and Gaylord had no reason to believe that the notes from Regal and Coppes were of no value. A fact finder could infer that Gaylord did not know that the stock transfer would make him insolvent. It could also be inferred that the stock transfer did not greatly reduce Gaylord's estate because Bank lists no value for the transferred shares.

Bank contends that the transfer of shares to Evelyn, a close family member, constitutes the presence of another "badge of fraud". Evelyn contends that the transfer was made for estate planning purposes since it was known that Gaylord was in poor health. This allows for two inferences: 1) that a badge of fraud is present and the transfer was made with the intent to defraud Bank; or, 2) that the transfer was made for estate planning purposes.

Although the facts in this case would allow the fact finder to infer the presence of many "badges of fraud", we must resolve any doubt as to a fact or inference drawn therefrom in favor of the party opposing the motion for summary judgment. *Jones v. City of Logansport* (1982), Ind. App., 436 N.E.2d 1138, 1143, *rehear. de-*

---

**2.** We note that the affidavit of Robert Thompson, President of Bank, also submitted in support of the summary judgment motion, stated that the note was due on June 25, 1984.

*nied* by 439 N.E.2d 666, *trans. denied.* The mere improbability of recovery does not justify summary judgment and the procedure is not intended to be a summary trial. *Id.* The determination of intent based on a concurrence of the "badges of fraud" is a fact finding function arrived at through a thorough examination of the evidence; this examination may include weighing the evidence and determining the credibility of witnesses. We do not say that summary judgment would never be appropriate in such a case. However, before such a motion could be granted it would have to be clear that all the "badges of fraud" pointed to a finding of intent with no inference of a pure motive possible. That is not the case here. Evelyn's opposition to the summary judgment motion allows an inference that the transfer was made for estate planning purposes. It will be necessary for the fact finder to weigh the evidence and judge the credibility of witnesses in order to determine whether Gaylord transferred the stock for estate planning purposes or whether there is a concurrence of the "badges of fraud" sufficient to make a finding of fraudulent intent.

## II.

### Necessity of Recovery

■ Evelyn contends that the transferred shares cannot be recovered unless necessary for the repayment of Gaylord's debts. She cites West's AIC 29-1-13-4 which states in pertinent part:

> The real and personal property liable for the payment of debts of a decedent shall include all property transferred by him with intent to defraud his creditors or any of them, or transferred by any other means which is in law void as against his creditors or any of them; and the right to recover such property, *so far as necessary* for the payment of the debts of the decedent, shall be in the personal representative, who shall take such steps as may be necessary to recover the same.

(Our emphasis.) Before the personal representative has a right to recover property transferred with the intent to defraud cred-

itors it must be ascertained if the transfer is "necessary for the payment of the debts of the decedent". Although there has been discovery to ascertain the value of Gaylord's estate there are many items which are listed as value unknown. It is clear the parties do not agree on the value of Gaylord's estate and the stock transfer cannot be set aside unless it is necessary for the payment of Gaylord's debts.

Again, the issue of solvency emerges as material to the resolution of this case. Perhaps with this in mind our legislature enacted a statute requiring the personal representative to prepare a verified inventory. IC 29-1-12-1 provides in pertinent part:

> (a) Within two [2] months after his appointment, unless a longer time shall be granted by the court, *every* personal representative *shall* prepare a verified inventory in one [1] or more written instruments, indicating the fair market value of each item of property of the decedent which shall come to his possession or knowledge, including a statement of all known liens and other charges on any item.

(Our emphasis.)

Bank claims that the transferred stock is "the sole asset of any value which could be listed in the estate for purposes of paying debts." Appellee's Brief 8. Evelyn contends that Weirick failed her duty as personal representative by neglecting to prepare an inventory from which the necessity of recovering the stock for payment of debts could be ascertained. Bank responds that this is merely a "procedural objection" and that preparation of an inventory would be a "totally useless act". *Id.* We cannot agree with this assessment of a statutory duty. Until Weirick has prepared an inventory and determined that the transfer of the stock is necessary for the payment of debts she is not in a position to ask for the equitable remedy of setting aside the stock transfer.

## III.

### Constructive Fraud

Bank contends that the statutory requirement of intent does not apply if there

is constructive fraud. In support of this argument Bank cites *Fall v. Miller* (1984), Ind.App., 462 N.E.2d 1059, *rehear. denied,* and *Leader Publishing Co. et al. v. Grant Trust and Savings Trustee* (1914), 182 Ind. 651, 108 N.E. 121. The outcome of both of these cases was based on the presence of a fiduciary relationship. In *Leader* our Supreme Court stated that "[g]eneral public policy prevents a person from deriving a benefit to himself or working a wrong to another through a *fiduciary relationship* existing between the parties. (Our emphasis.) Such a transaction is constructively fraudulent ...". *Leader* at 108 N.E. 124. There was no fiduciary relationship between Gaylord and Bank, therefore we reject this argument.[3]

Reversed and remanded for proceedings consistent with this opinion.

GARRARD, P.J., and HOFFMAN, J., concur.

---

**3.** We do not discuss the other elements of constructive fraud because they were not argued by Bank. These elements are: a duty arising from the relationship of the parties; representations or silence violative of that duty; reliance on the representations or silence; and injury. *Sanders v. Townsend* (1987), Ind.App., 509 N.E.2d 860, 865, *trans. den.*