**Pamela R. BENTON and W.C. Benton, Appellants–Plaintiffs,**

v.

**Mark L. MOORE, M.D., Appellee–Defendant.**

**No. 41A04–9211–CV–412.**

Court of Appeals of Indiana, Fourth District.

Oct. 28, 1993.

Patrick J. Bennett, Andrew P. Sheff, Bennett & Sheff, Indianapolis, for appellants-plaintiffs.

Irwin B. Levin, Caroline Gilchrist, Steven J. Halbert, Cohen & Malad, P.C., Indianapolis, for appellee-defendant.

CHEZEM, Judge.

### Case Summary

Plaintiffs-appellants, Pamela and W.C. Benton ("Bentons"), appeal the trial court's judgment dismissing their case pursuant to Ind.Trial Rule 41(E) [1]. We affirm.

### Issue

Bentons present one issue for review: did the trial court properly dismiss Bentons' case pursuant to T.R. 41(E)?

### Facts and Procedural History

On February 13, 1985, Bentons filed a medical malpractice action with the trial court against defendant-appellee, Dr. Mark L. Moore ("Moore").[2] Moore answered the complaint on April 14, 1985.

---

1. "Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."

2. Bentons had previously filed their medical malpractice claim with the Indiana Insurance Commissioner and received an opinion of the Medical Review Panel.

On February 2, 1987, Bentons filed a notice to take the deposition of Moore, which was taken on April 22, 1987. On June 3, 1988, Moore filed a motion for summary judgment. The trial court denied Moore's motion on October 25, 1988.

On December 6, 1990, the trial court issued an order, on its own motion, directing the case to be dismissed for lack of prosecution if Bentons did not proceed within ten days. Bentons responded to the T.R. 41(E) notice on December 10, 1990. On December 20, 1990, the trial court again ordered Bentons to proceed with prosecution of their case by February 15, 1991, or face dismissal. On February, 14, 1991, Bentons filed a Praecipe for Jury Trial Setting. On February 28, 1991, the trial court issued an order setting the case for pre-trial conference on May 29, 1991. On May 30, 1991, the trial court issued the following pre-trial order:

> Comes now the court and sets this cause for trial by jury on December 17, 1991 (3rd place); October 20, 1992 (2nd place), all at 8:30 A.M. Final Pre–Trial on December 4, 1991 at 10:30 A.M. Preliminary Witness and Exhibit Lists are to be exchanged by July 1, 1991. Discovery is to be completed by November 20, 1991 and Proposed Pre–Trial Entry to be filed on or before December 1, 1991 pursuant to T.R. 16 Attorney's Conference prepared by [Bentons'] counsel. Motions in Limine to be filed by December 4, 1991 along with a proposed issue instruction from each party. [Bentons'] Demand by July 1, 1991. [Moore's] Offer by August 15, 1991.

On November 15, 1991, Moore filed a Motion to Dismiss pursuant to T.R. 41(E). The trial court set a hearing on the motion for January 3, 1992. On that date, the parties appeared by counsel and the trial court took Moore's T.R. 41(E) motion under advisement until February 14, 1992. Over the next several months, Bentons asked for, and received, four separate extensions of the date on which the trial court was to rule on Moore's T.R. 41(E) motion. The

final date set for the trial court's ruling was June 15, 1992.

On June 15, 1992, Bentons, with the aid of new counsel, filed their Witness and Exhibit Lists, a Demand for Settlement, and their response to Moore's T.R. 41(E) motion. On June 21, 1992, the trial court granted Moore's T.R. 41(E) motion to dismiss. The court's order [3], in relevant part, is as follows:

> 1. Except for threat of dismissal by the Court, the [Bentons], and/or their attorneys have done nothing to cause this case to proceed in years until the appearance of [Bentons' new counsel] who has made a good faith effort to proceed. After an October 25, 1988 entry which denied summary judgment, the only pleadings the Court received from [Bentons] were:
>
>> A. Sept 12, 1989 Notice of Change o;f [sic] Address
>>
>> B. Dec. 10, 1990 Response of 41E Notice
>>
>> C. Feb. 14, 1991 Praecipe filed one day before dismissal deadline.
>>
>> D. Pleadings in response to the December, 1991 Court action.
>
> 2. [Bentons] have failed to abide by the May 30, 1991 pre-trial entry and have failed to ready themselves for trial until the filing of [Bentons' new counsel's] pleadings.
>
> 3. Notwithstanding the preference for giving one the opportunity to try one's case, [Bentons] have had ample opportunity to act since at least October 25, 1988 and for one reason or another, have not.
>
> [Moore's] Motion to Dismiss is GRANTED. This is a final appealable Order.

### Discussion and Decision

 A dismissal pursuant to T.R. 41(E) for failure to prosecute will be reversed on appeal only in the event of an abuse of discretion. *Farinelli v. Campagna* (1975), 166 Ind.App. 587, 338 N.E.2d

---

**3.** We wish to draw Bentons' attention to Ind.Appellate Rule 8.3(A)(4), which requires the appellant's brief to include "a verbatim statement of the judgment."

299. An abuse of discretion occurs only if the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Gibbs v. Douglas M. Grimes, P.C.* (1986), Ind.App., 489 N.E.2d 638, *on reh'g*, 491 N.E.2d 1004. The judgment will be affirmed if there is any evidence supporting the trial court's decision. *Id.*

Bentons argue that the dismissal of their case for lack of prosecution was an abuse of discretion because they had resumed prosecution of their case. Bentons contend they resumed prosecution on June 15, 1992, when their new counsel complied with the pre-trial order by filing a Witness and Exhibit Lists and a Demand for Settlement. Bentons claim that because the trial court did not dismiss the action until June 21, 1992, six days after they had resumed prosecution, the dismissal was an abuse of discretion. Bentons assert that this is the rule in Indiana pursuant to *State v. McClaine* (1973), 261 Ind. 60, 300 N.E.2d 342.

In *McClaine*, our supreme court held that a T.R. 41(E) motion to dismiss should not be granted if the plaintiff resumes prosecution of the claim before the filing of that motion. In explaining its holding, the court stated:

> The burden is clearly on the defendant to timely file a motion to dismiss pursuant to TR. 41(E). That is to say, the defendant must file his motion *after* the sixty-day period has expired and before the plaintiff resumes prosecution. The defendants in this case moved to dismiss *after* the plaintiff filed its request for trial and thereby failed to meet the requirements of TR. 41(E).

261 Ind. 60, 63, 300 N.E.2d 342, 344. (emphasis in original).

We disagree with Bentons that *McClaine* holds that a case may not be dismissed when the plaintiff has resumed prosecution of the case *after* the filing of the T.R. 41(E) motion but *before* the granting of that motion. *McClaine* clearly holds that to avoid a T.R. 41(E) dismissal, a plaintiff must resume prosecution before the *filing* of the T.R. 41(E) motion.

Alternatively, Bentons argue that the holding in *McClaine* should be extended to prevent the granting of a dismissal under T.R. 41(E) where the plaintiff has resumed prosecution of the action before the trial court's ruling on the motion. If the rule were as Bentons request, though, a defendant's remedy of dismissal against a plaintiff who refuses to diligently prosecute his case would cease to exist. Plaintiffs would be able to repeatedly ward off dismissal by resuming prosecution in the face of a ruling on a T.R. 41(E) motion, and then, when the threat has passed, retreat back into a slothful prosecution of the case, thereby forcing the defendant to file another T.R. 41(E) motion. We decline to construe T.R. 41(E) in this manner.[4]

We note, however, that there is a problem with granting a T.R. 41(E) motion based upon no action having been taken for a period of sixty days under the facts of this case. Specifically, we raise the issue of whether a T.R. 41(E) motion can be granted for failure to prosecute when the sixty day period of inaction is between the date of the filing of a motion for trial setting and the date set for trial.

Here, after a long period of inaction, Bentons filed their praecipe for jury trial setting on February 14, 1991. Moore filed his T.R. 41(E) motion to dismiss on November 15, 1991. However, because Moore filed his T.R. 41(E) motion *after* Bentons filed their request for jury trial setting, the sixty day period of inaction required for dismissal cannot be based upon any period of delay before Bentons filed their praecipe for jury trial setting, as that request was a resumption of prosecution. *McClaine, supra* at 1005. Therefore, the trial court's order dismissing Bentons' case for failure to take action must be based upon the sixty days immediately proceeding Moore's T.R. 41(E) motion.

---

4. Ind.Trial Rule 1 requires that we construe T.R. 41(E) "to secure the just, speedy and inexpensive determination of every action." Bentons' suggested construction of T.R. 41(E) produces the exact opposite result.

■ There is no evidence in the record that Bentons took any action to prosecute their case during the sixty day period ending on November 15, 1991, the date of Moore's T.R. 41(E) motion. The question arises, though, as to what action they should have taken? On February 14, 1991, Bentons moved the trial court to set the case for trial. On May 30, 1991, the court did just that, setting the first alternate date for December 17, 1991. All that was available for Bentons' to do at that time was wait. We believe the granting of a T.R. 41(E) motion in such circumstances is an abuse of discretion. The purpose of that part of T.R. 41(E) which permits dismissal if no action is taken within the sixty day period immediately prior to the filing of the T.R. 41(E) motion is to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution. Dismissing a case for a period of inaction which occurs between the date of the filing of a request for trial setting and the date which has been set for trial does not promote the diligent prosecution of cases because the delay is caused not by the plaintiff's failure to prosecute, but by the congested court calendar which requires the setting of a trial date more than sixty days after the filing of the motion.

Our decision finds support in the case of *State ex rel. Murray v. Estate of Heithecker* (1975), 167 Ind.App. 156, 338 N.E.2d 313. In that case, the State filed a claim against the estate in circuit court, which claim was denied by the administrator on the same day. Nothing happened for nearly two years, until the estate moved to dismiss pursuant to T.R. 41(E). After a hearing, the trial court granted the motion. On appeal, the State argued that the trial court abused its discretion by granting the dismissal because the delay was caused by the trial court's failure to set a trial date. In response to that argument, this court said:

> The State argues that once its claim was filed and disallowed by the administrator, there was nothing more for either party

to do but wait for the court to set the claim for trial. We do not agree.

> The burden of moving the litigation is upon the plaintiff, not the court. It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so.

> *The record does not show that the State filed a motion requesting that the trial date be set,* nor does it indicate that any action had been taken for approximately two years.

167 Ind.App. 156, 159, 338 N.E.2d 313, 314. (emphasis added).

■ We hold that when a plaintiff has requested the trial court to set a trial date, and a trial date has been set, the trial court is without discretion to grant a T.R. 41(E) motion to dismiss which is based on a sixty day period of inaction which occurs between the date of the request for trial setting and the date set for trial. Here, the trial court's dismissal of Bentons' case for a sixty day period of inaction while awaiting trial was an abuse of discretion.

■ However, our review in this case is not over. In addition to permitting dismissal for a party's failure to act for a sixty day period, T.R. 41(E) grants the trial court discretion to dismiss a case "[w]henever there has been a failure to follow these rules ..." In addition to violations of the trial rules themselves, this provision applies equally well to orders of the court entered pursuant to the trial rules, *Farinelli v. Campagna* (1975), 166 Ind.App. 587, 338 N.E.2d 299, including pre-trial orders issued under Ind.Trial Rule 16. *Id.; Nichols v. Indiana State Highway Department* (1986), Ind.App., 491 N.E.2d 227.

■ In its dismissal order, the trial court found that Bentons did not comply with the court's May 30, 1991, pre-trial order. The record in this case shows that Bentons' Witness and Exhibit Lists and Demand for Settlement were filed almost one year beyond the deadline set in the court's pre-trial order. Also, the record is void of any evidence that Bentons met any of the other deadlines set out in the pre-trial order.

The complaint was filed in 1985, and the court found that except when prodded by the court, and until the appearance of their most recent attorney, the Bentons had done nothing to cause the case to proceed "in years." In this context, the trial court's dismissal of Bentons' case for failure to comply with the pre-trial order was within its discretion.

Affirmed.

CONOVER and NAJAM, JJ., concur.