**Clayton BUFFINGTON, Jr., as Executor of the Estate of Mary Ellen Buffington, and Clayton Buffington, Jr., Plaintiff,**

v.

**Donnie METCALF, Robert J. Kuntz, d/b/a Village Bar and Restaurant, and Robert Metcalf, Defendants.**

No. IP 93–839–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 28, 1994.

Thomas R. Koustmer, Theodore J. Froncek, Cincinnati, OH.

M. Joseph Kisor, Lawrenceburg, IN.

Keith A. Kinney, Hill Fulwider McDowell Funk & Matthews, P.C., Indianapolis, IN.

Kevin W. Ault, Rushville, IN.

Mark J. Roberts, Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, IN.

### ENTRY

BARKER, Chief Judge.

This matter is before the Court on plaintiff's motion for partial summary judgment as to defendant Robert Metcalf (plaintiff's fourteenth cause of action) and the fraudulent conveyance claim against defendant Donnie Metcalf (plaintiff's fifth cause of action). For the reasons stated below, plaintiff's motion is denied.

### I. Background

This diversity action brought by Clayton Buffington, Jr. ("Buffington") in his individual capacity and as executor of the Estate of Mary Buffington, his late wife, seeks damages allegedly resulting from an automobile accident in Metamora, Indiana, on October 5,

1992. Pedestrian Mary Buffington was allegedly struck by an automobile driven by defendant Donnie Metcalf, who was allegedly under the influence of alcohol at the time. Buffington seeks damages from Donnie Metcalf ("Donnie"), his father, Robert Metcalf ("Robert"), and one bar where Buffington alleges that Donnie Metcalf was served alcohol on the day of the accident, Robert J. Kuntz, d/b/a Village Bar and Restaurant.

At the time of the accident Donnie owned a parcel of property in Franklin, Indiana (the "Franklin property"). The Franklin property had been conveyed to Donnie by Robert in 1987, with Robert retaining a life estate. Donnie paid Robert $5,000.00 for the Franklin property. On November 24, 1992, Donnie conveyed the Franklin property back to Robert. At the time, Donnie was being held in jail, having been charged with crimes relating to the accident in question. Kevin Ault, the attorney who represented Donnie in the criminal case, witnessed the execution of the conveyance.

Robert had not requested that Donnie convey the Franklin property to him and, although Robert recalls giving money to Donnie during the time period in question, Robert does not specifically recall paying the one dollar consideration reflected in the conveyance deed. Before Robert conveyed the land to Donnie, Robert and his other son, Claude, had farmed the land. After it was conveyed to Donnie, Claude continued to farm the land and Claude paid the taxes on the property as his rent for it. After Donnie conveyed the land to Robert, the use of the land remained the same; Claude continued to farm the land and pay the property taxes.

Plaintiff contends that Donnie fraudulently conveyed the Franklin property to Robert in order to avoid being able to satisfy any judgment entered on behalf of plaintiff in the instant case. Plaintiff points to the timing of the conveyance (less than two months after the accident), the fact that the land was conveyed from son to father, the questionable circumstances surrounding the consideration paid for the land, the fact that Robert had not requested the conveyance, and the fact that the conveyance greatly diminished Donnie's estate. In response, the Metcalfs

offer Robert's deposition testimony, in which Robert explains that the Franklin property was originally deeded to Donnie with the expectation that Donnie would "quit drinking . . . and start work" and that Donnie was to convey the land back to Robert "if he didn't straighten up." The Metcalfs claim that after the accident Donnie "figured he had done what he agreed not to do" and he then realized that he had to convey the Franklin property back to his father. Thus, the Metcalfs argue that there is an innocent explanation for the timing and circumstances of the reconveyance, and the issue of fraudulent conveyance must be tried to the fact-finder.

## II. Discussion

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In passing on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or determine the truth of the matter, but it is instead to decide whether there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If doubts remain as to the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment should be denied. See Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir.1989).

Under Indiana law, a conveyance of real estate "made or suffered with the intent to hinder, delay or defraud creditors or other persons of their lawful damages, forfeitures, debts or demands, shall be void as to the persons sought to be defrauded." Ind.Code § 32-2-1-14. The question of fraudulent in-

tent is an issue of fact. Ind.Code § 32–2–1–18.

For the purpose of making the factual determination of intent to defraud in a conveyance of property, Indiana courts have identified certain actions as "badges of fraud," from which such intent may be rightfully inferred. *U.S. v. Denlinger,* 982 F.2d 233, 236 (7th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993); *Johnson v. Estate of Rayburn,* 587 N.E.2d 182, 186 (Ind.App.1992). The following actions are badges of fraud:

> the transfer of property by a debtor during the pendency of a suit; a transfer of property that renders the debtor insolvent or greatly reduces his estate ...; secret or hurried transactions not in the usual mode of doing business; any transaction conducted in a manner differing from customary methods ...; little or no consideration in return for the transfer; a transfer of property between family members.

*Johnson,* 587 N.E.2d at 186 (quoting *Jones v. Central Nat'l Bank of St. Johns,* 547 N.E.2d 887, 889–90 (Ind.App.1989); *U.S. Marketing Concepts, Inc. v. Don Jacobs Buick–Subaru, Inc.,* 547 N.E.2d 892, 894 (Ind.App.1989), *reh'g denied* (1990)). No one badge of fraud constitutes a per se showing of fraudulent intent. *Jones,* 547 N.E.2d at 890; *Johnson,* 587 N.E.2d at 186. Badges of fraud must be "taken together to determine how many ... exist and if together they constitute a pattern of fraudulent intent." *Jones,* 547 N.E.2d at 890.

In order for summary judgment to be appropriate, "[it has] to be clear that all the 'badges of fraud' [point] to a finding of intent with no inferences of a pure motive possible." *Id.* at 891. Where all of the badges of fraud support an inference of fraudulent intent, in order to survive summary judgment, a non-movant must explain some of the inference away. *Denlinger,* 982 F.2d at 237. If the non-movant raises and supports a reasonable innocent explanation for the badges of fraud, summary judgment is not appropriate. *Jones,* 547 N.E.2d at 891; *see Denlinger,* 982 F.2d at 237. In such a case, it is necessary for the fact-finder to weigh the evidence and judge the credibility of the witnesses in order to make a finding of fraudulent intent. *Jones,* 547 N.E.2d at 891.

Robert has offered an explanation which, at least for summary judgment purposes, presents an innocent reason for many of the badges of fraud. If Robert and Donnie had the understanding that Donnie was to convey the land back to Robert if Donnie "didn't straighten up," then Donnie would have surely been meeting the established condition for reconveyance as of November 24, 1992.[1] Such an agreement could also explain why Donnie initiated the transaction without a specific request from his father and conveyed the Franklin property for measly consideration.[2] Therefore, a genuine issue of material fact exists and summary judgment is not appropriate.

## III. Conclusion

For the reasons stated above, plaintiff's motion for partial summary judgment as to defendant Robert Metcalf (plaintiff's fourteenth cause of action) and the fraudulent conveyance claim against defendant Donnie Metcalf (plaintiff's fifth cause of action) is denied.

It is so ORDERED.

---

1. Plaintiff raises the argument that Donnie had exhibited many signs that he was not straightening up before he was ever involved in the accident in question. This argument is one that goes to the credibility of Robert and Donnie, and will surely aid the fact-finder in determining whether or not the agreement to reconvey the land actually existed. However, these are not appropriate determinations to be considered for summary judgment purposes.

2. While "little or no consideration in return for the transfer" is in fact a "badge of fraud" in the determination of fraudulent intent (*Johnson,* 587 N.E.2d at 186), a "conveyance ... [shall not be] adjudged fraudulent ... solely on the ground that it was not founded on valuable consideration." Ind.Code § 32–2–1–18.