STATE OF INDIANA *v.* CARL McCLAINE, ETTA G. McCLAINE (H & W) AND AMERICAN UNITED LIFE INSURANCE CO., (MORTGAGEE).

[No. 871S244. Filed August 22, 1973.]

*James L. Goodwin,* of Lebanon, for appellees.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellant.

HUNTER, J.—This is an appeal by the State of Indiana from an order of dismissal entered by the Boone Circuit Court on March 22, 1971. The state filed a motion to correct errors on May 20, 1971, which was overruled. This appeal resulted. Jurisdiction of the Indiana Supreme Court to entertain this appeal is based on IC 1971, 33-3-2-7 (Ind. Ann. Stat. § 4-214 [1968 Repl.]), which was in force at the time the appeal was effected.

The State initiated this action on January 9, 1958, by filing a complaint seeking the appropriation of real estate for state highway purposes. On January 21, 1958, defendant-landowners filed their answer. In February, 1958, the Boone Circuit Court ordered the real estate condemned and appointed three appraisers to make their report of valuation. All required oaths, instructions, notices, and returns were made. The appraisers filed their report in March, 1958, setting the total damages at $82,129.63, which was taken down April 24, 1958.

The State timely filed exceptions to the appraisers' report on March 13, 1958, and two days later moved for change of venue, which was not ruled upon until the hearing on the motion to dismiss in March, 1971.

An offer to compromise was made by the State to the attorney for the landowners on July 19, 1966. The offer was for $66,500.00. No immediate response to this offer was made by defendants.

In April, 1967, the cause was set for trial on September 5, 1967. However, in August, 1967, landowners moved for a continuance. The trial date was accordingly set for December 11, 1967. The landowners again requested a continuance on December 6, 1967, and the trial was set for April 22, 1968. The State moved for a change of venue in April, 1968, which was stricken. Following an additional continuance on April 22, 1969, by the defendants, the State filed its request for trial on February 17, 1971. The defendant-landowners re-

sponded by filing a motion to dismiss on February 26, 1971. This motion was granted following a March, 1971, hearing. The judgment reads as follows:

"Comes now the Court finding and judgment ordering the exception of the parties dismissed for want of prosecution and further finding and judgment that the above cause has been fully and finally compromised and settled."

The original offer to compromise was made July 19, 1966. On April 1, 1968, defendant-landowners refused the offer. Subsequent to that time, on April 15, 1968, a counter-offer was made by defendants. The counter-offer was not accepted by the State, and the Deputy Attorney General to whom the counter-offer was made expressly revoked the original offer. Notwithstanding the revocation of the offer, defendant's counsel wrote a letter on April 16, 1968, accepting the original offer. The next day counsel attempted to accept the original offer by delivering a check for $15,000.00 to the Attorney General. The $15,000.00 represented the difference between the amount taken down by defendants in 1958, and the offer to compromise. The check was not accepted by the Attorney General's office.

The State raised two issues for review:

1. Whether the Boone Circuit Court erred in dismissing the cause below for want of prosecution under TR. 41(E).

2. Whether the Boone Circuit Court erred in dismissing this cause on the ground that it had been "fully and finally compromised and settled."

We believe the trial court did, in fact, err in dismissing the cause for want of prosecution.

TR. 41(E)—*Failure to prosecute civil actions or comply with rules*—reads as follows:

"Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a *period of sixty [60] days*, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of

dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution." (Emphasis added.)

In this case, there are two lengthy lapses of time during which the State took no affirmative steps in the prosecution of its exceptions. The first period spanned from May 15, 1958, to April 4, 1967. The second period extended from April 29, 1968, to February 17, 1971. However, it must be remembered that the defendant's motion to dismiss was not filed until February 26, 1971.

A motion to dismiss for want of prosecution should not be granted if the plaintiff resumes diligent prosecution of his claim, even though, at some prior period of time, he has been guilty of gross negligence. See Barron & Holtzoff, *Federal Practice and Procedure*, Sec. 918; and *Rollins* v. *United States* (9th Cir. 1961), 286 F. 2d 761; *U.S.* v. *Myers* (1964, D.C. Calif., N.D.), 38 F. R. D. 194; *Ayers* v. *D. F. Quillen & Sons, Inc.* (Del. 1963), 188 A. 2d 510; *Smirlock* v. *Ballard* (Del. 1971), 280 A. 2d 739.

The burden is clearly on the defendant to timely file a motion to dismiss pursuant to TR. 41(E). That is to say, the defendant must file his motion *after* the sixty-day period has expired and before the plaintiff resumes prosecution. The defendants in this case moved to dismiss *after* the plaintiff filed its request for trial and thereby failed to meet the requirements of TR. 41(E).

The evidence clearly indicates that there was no settlement reached. The offeree landowners expressly rejected the offer of the State, which terminates the power to accept. Moreover, the counter-offer made by the landowners terminated the original offer of the State and the landowners' ability to

accept. Finally, the State expressly revoked the then unaccepted offer, thereby foreclosing the possibility of the landowners' accepting at a subsequent time. Therefore, the trial court erred in dismissing the action on the ground that a settlement had been reached.

Notwithstanding the holding in this case, we believe that the State has an obligation to diligently prosecute all eminent domain claims. When the State condemns the property of its citizens, it must do so in an expeditious manner, avoiding all unnecessary delays. Citizen-landowners should avail themselves of the TR. 41(E) remedy whenever the State fails to meet this requirement of due diligence.

The order of dismissal is hereby reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 300 N. E. 2d 342.