380 N.E.2d 1269 (1978)
D.M., Appellant-Defendant,
v.
C.H., Appellee-Plaintiff.
Court of Appeals of Indiana, Third District.
September 28, 1978.
Robert L. Stephan, South Bend, for appellant-defendant.
Theodore L. Sendak, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.
STATON, Judge.
D.M. appeals from an adjudication in a paternity action declaring him to be the father of a child born out of wedlock to C.H.D.M. contends that: (1) the trial court erred in denying his motion to dismiss for lack of prosecution; and (2) there is not sufficient evidence to support the determination of paternity.
We affirm.

*1270 I.

Motion to Dismiss
On January 21, 1970, C.H. filed an affidavit in the St. Joseph Probate Court alleging that D.M. was the father of a child born out of wedlock to her on September 1, 1969. C.H. requested that D.M. be declared the father of the child and be ordered to assume the obligations of support. Thereafter, there is a void in the proceedings until August 21, 1974, on which date an attorney entered an appearance for D.M.
On November 25, 1974, on C.H.'s motion, the cause was set for trial on January 9, 1975. However, D.M. moved for a continuance. The trial was accordingly reset for February 13, 1975. The trial was again reset, this time on C.H.'s motion, for May 29, 1975.
D.M. appeared in court on May 29, 1975, and, pursuant to Ind. Rules of Procedure, Trial Rule 41, filed a motion to dismiss for lack of prosecution. TR. 41(E) provides:
"Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."
D.M. contends that, inasmuch as there was no action taken in this matter from January 21, 1970 until August 21, 1974  a period of more than four and one-half years, the trial court erred in denying his motion to dismiss. However, D.M. did not file his motion until after C.H. had resumed prosecution of the matter by requesting a trial date. Our Supreme Court has previously held that a motion to dismiss for lack of prosecution should not be granted if the plaintiff has resumed prosecution prior to the filing of the motion. State v. McClaine (1973), 261 Ind. 60, 300 N.E.2d 342. Accordingly, the trial court did not err in denying the motion.

II.

Sufficiency of the Evidence
D.M. also contends that there is not sufficient evidence to support the determination of paternity.
In a paternity action, the testimony of the mother regarding an act of sexual intercourse with the defendant, coupled with the probability of conception at that time, is sufficient to support a determination that the defendant is the father of the child. Roe v. Doe (1972), 154 Ind. App. 203, 289 N.E.2d 528; Beaman v. Hedrick (1970), 146 Ind. App. 404, 255 N.E.2d 828.
Here, the child was born on September 1, 1969. C.H. testified that she had had sexual intercourse with D.M. an average of twice a week during the months of October, November, and December of 1968 and January and February of 1969. The evidence sufficiently supports a determination of paternity.
The judgment of the trial court is affirmed.
GARRARD, P.J., concurs.
ROBERTSON, J. (by designation), concurs.