

**FILED**

Apr 22 2015, 10:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANTS | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Gregory W. Moore | John David Hoover |
| Clark Hill PLC | Laurie E. Martin |
| Birmingham, Michigan | Hoover Hull, LLP |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| William I. Babchuk, M.D., P.C., d/b/a Babchuk Imaging, P.C., and William I. Babchuk, | April 22, 2015 |
| | Court of Appeals Case No. 80A04-1409-PL-447 |
| *Appellants-Plaintiffs,* | Appeal from the Tipton Circuit Court |
| v. | The Honorable Thomas R. Lett, Judge |
| Indiana University Health Tipton Hospital, Inc., d/b/a Indiana University Health Tipton Hospital, | Cause No. 80C01-1207-PL-265 |
| *Appellee-Defendant.* | |

**Najam, Judge.**

## Statement of the Case

[1]     William I. Babchuk, M.D., P.C. d/b/a Babchuk Imaging, P.C. and William I.
Babchuck (collectively "Babchuck") appeal the trial court's order dismissing

Babchuk's complaint against Indiana University Health Tipton Hospital, Inc., d/b/a Indiana University Health Tipton Hospital ("the Hospital") for failure to prosecute under Trial Rule 41(E). Babchuk presents a single issue for our review, namely, whether the trial court abused its discretion when it dismissed this action. We reverse and remand for further proceedings.

## Facts and Procedural History

On September 4, 2008, the Hospital and Babchuk executed a contract whereby Babchuk agreed to provide radiology services for the Hospital. The contract term was five years with the option to renew for one-year terms thereafter. In June 2012, after learning that Dr. Babchuk had allegedly directed two hospital staff members to delete or destroy hospital records, the Hospital terminated its contract with Babchuk. The Hospital also suspended Dr. Babchuk's privileges to practice medicine at the Hospital.

On July 17, 2012, Babchuk filed his complaint against the Hospital and other defendants[1] alleging breach of contract, tortious interference with a contract, and defamation. And on November 26, in response to a partial motion to dismiss,[2] Babchuk filed an amended complaint alleging only breach of contract

---

[1] Babchuk has not included a copy of his complaint or amended complaint in the appendix on appeal. There is no dispute, however, that Babchuk initially named other defendants who were subsequently dismissed from this action and are not parties to this appeal.

[2] Neither party included a copy of the September 2012 partial motion to dismiss in their appendices on appeal. In its brief, the Hospital states that, in the amended complaint, Babchuk "drop[ped] his claims of tortious interference and defamation leaving solely his breach of contract claim" against the Hospital and "remov[ed] the other individual defendants from the caption." Appellee's Br. at 2.

against the Hospital. On December 18, the Hospital filed its answer to the amended complaint.

[4] On August 29, 2013, Babchuk filed a complaint against the Hospital and other defendants in the United States District Court for the Southern District of Indiana ("federal court") alleging "deprivation of property under color of state law without due process pursuant to 42 U.S.C. § 1983." Appellants' App. at 33. And on May 28, 2014, Babchuk's attorney "asked whether [the Hospital] would stipulate to [an] amendment [of the complaint in federal court] which added [a] breach of contract claim." *Id.* at 21. The hospital "represented that [it] would consider it and asked if [Babchuk] would dismiss th[e] pending state court action if the amendment was approved. [Babchuk] responded in the affirmative." *Id.*

[5] On May 29, Babchuk filed, with the federal court, a motion to amend his § 1983 complaint to include the breach of contract claim and, with the trial court, a "Motion to Stay or, in the Alternative, for Setting of Scheduling Conference." *Id.* at 11. Also on May 29, the Hospital filed a motion to dismiss Babchuk's state court action for failure to prosecute under Trial Rule 41(E). The trial court granted a motion to stay the state court action pending the federal court's ruling on Babchuk's motion to amend his complaint. And on July 10, after Babchuk notified the trial court that the federal court had denied his motion to amend his complaint, the trial court set the Hospital's motion to dismiss for a hearing on August 12, 2014. After that hearing, the trial court dismissed Babchuk's

complaint against the hospital for failure to prosecute under Trial Rule 41(E). This appeal ensued.

## Discussion and Decision

[6] Babchuk contends that the trial court abused its discretion when it dismissed his complaint for failure to prosecute. Indiana Trial Rule 41(E) provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

[7] We set out the applicable standard of review in *Baker Machinery, Inc. v. Superior Canopy Corp.*, 883 N.E.2d 818, 821 (Ind. Ct. App. 2008), *trans. denied*:

> We review dismissal of a cause of action under T.R. 41(E) for an abuse of discretion. *Beard v. Dominguez*, 847 N.E.2d 1054 (Ind. Ct. App. 2006), *trans. denied*. In so doing, we consider whether the trial court's decision was against the logic and effect of the facts and circumstances; "'we will affirm the trial court if any evidence supports the trial court's decision.'" *Id.* at 1059 (quoting *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 55 (Ind. Ct. App. 1993), *trans. denied*).

[8] And our supreme court has held that

> [a] motion to dismiss for want of prosecution should not be
> granted if the plaintiff resumes diligent prosecution of his claim,
> even though, at some prior period of time, he has been guilty of
> gross negligence. *See* Barron & Holtzoff, Federal Practice and
> Procedure, Sec. 918; and *Rollins v. United States*, (9th Cir., 1961),
> 286 F.2d 761; *United States v. Myers*, (1964, D.C.Cal., N.D.), 38
> F.R.D. 194; *Ayers v. D. F. Quillen & Sons, Inc.*, (Del. 1963), 188
> A.2d 510; *Smirlock v. Ballard*, (Del. 1971), 280 A.2d 739.
>
> *The burden is clearly on the defendant to timely file a motion to dismiss*
> *pursuant to T.R. 41(E). That is to say, the defendant must file his*
> *motion after the sixty-day period has expired and before the plaintiff*
> *resumes prosecution*.

*State v. McClaine*, 261 Ind. 60, 300 N.E.2d 342, 344 (1973) (emphasis added).

[9] Here, after an approximate eighteen-month period of inactivity, on May 29, 2014, Babchuk filed his motion to stay or, in the alternative, for setting of scheduling conference. That same day, the Hospital filed its motion to dismiss for failure to prosecute. No Indiana case has addressed whether a Trial Rule 41(E) motion filed the same day that a plaintiff resumes prosecution of its case is timely. But, as our supreme court held in *McClaine*, it is the defendant's burden to timely file a Trial Rule 41(E) motion to dismiss, and the motion must be filed before the plaintiff resumes prosecution. *Id.*; *see also Baker Mach.*, 883 N.E.2d at 822 (citing *McClaine*). Accordingly, we hold that the Hospital's motion to dismiss, which was not filed *before* Babchuk resumed prosecution of

his case, was not timely.[3] *See McClaine*, 300 N.E.2d at 344.

[10] Still, the Hospital contends that Babchuk's May 29 motion "did not constitute resumption of prosecution for purposes of [Trial Rule] 41(E)." Appellee's Br. at 14. In particular, the Hospital maintains that Babchuk's "Motion to Stay was inherently delaying . . . and was nothing more than a tool to further stall prosecution of his breach of contract claim—belated [sic] attempt to avoid the consequences of his already lengthy delay." *Id.* The Hospital points out that a plaintiff must resume *diligent* prosecution of his claim in order to prevent a Trial Rule 41(E) dismissal. (Citing *McClaine*, 300 N.E.2d at 344). The Hospital appears to suggest that anything less than a motion for a trial date would have been insufficient to resume prosecution in this case. We cannot agree.

[11] Babchuk not only requested a stay pending his motion to amend his complaint with the federal court, but he requested, in the alternative, a scheduling conference "to establish discovery and other deadlines in this matter." Appellants' App. at 13. Our research reveals no Indiana precedent squarely addressing what constitutes diligent prosecution under Trial Rule 41(E). But a request for a scheduling conference indicates a party's intent to move forward with litigation. And we hold that where, as here, a plaintiff requests a scheduling conference, even in the alternative to a stay, that is sufficient to constitute resumption of prosecution for purposes of Trial Rule 41(E).

---

[3] Neither party's motion was time-stamped.

In sum, while the trial court would have had discretion to dismiss Babchuk's case for failure to prosecute had a timely motion been filed, the Hospital did not file its motion to dismiss before Babchuk had resumed prosecution of his case. Thus, we hold that the Hospital's Trial Rule 41(E) motion was untimely and that trial court abused its discretion when it dismissed Babchuk's complaint.

Reversed and remanded for further proceedings.

Baker, J., and Friedlander, J., concur.