## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2016, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Andrew M. Yoder
Law Office of Andrew M. Yoder
Hobart, Indiana

Benjamen W. Murphy
Griffith, Indiana

ATTORNEYS FOR APPELLEES

Eric M. Blume
Larry L. Barnard
Carson Boxberger LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimberly Smee, | December 9, 2016 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 64A03-1511-CT-1904 |
| v. | Appeal from the Porter Superior Court |
| Zachary Johnson, individually and as an agent of Northern Ag Services, Inc., and Northern Ag Services, Inc., | The Honorable Mary R. Harper, Judge |
| *Appellees-Defendants* | Trial Court Cause No. 64D05-1109-CT-8594 |

**Baker, Judge.**

[1] Kimberly Smee appeals the trial court's order dismissing her complaint against Zachary Johnson and Northern Ag Services, Inc. (Northern), for failure to prosecute. Finding no error, we affirm.

## Facts

[2] On September 3, 2009, a motor vehicle accident occurred between Smee and Johnson, who was driving a vehicle in the course of his employment with Northern. On September 6, 2011, Smee filed a complaint against Johnson and Northern, seeking compensation for injuries she allegedly sustained as a result of the accident. Smee attempted to serve Johnson and Northern with summonses and the complaint in September and October 2011, but service was unsuccessful.

[3] Between May 3, 2012, and July 3, 2014, Smee's attorney was engaged in settlement negotiations with a representative of the insurer for Johnson and Northern. There is no evidence that counsel was ever in direct contact with either Johnson or Northern. After negotiations broke down, Smee finally served Johnson on August 28, 2014, and Northern on September 17, 2014. On October 6, 2014, the defendants filed a motion to dismiss the complaint for failure to prosecute pursuant to Trial Rule 41(E). The trial court granted the motion on September 30, 2015, and Smee now appeals.

## Discussion and Decision

[4] Smee argues that the trial court erred in dismissing the complaint for failure to prosecute. We will reverse a dismissal for failure to prosecute only if the trial

court's decision is against the logic and effect of the facts and circumstances before it. *Lee v. Pugh*, 811 N.E.2d 881, 884-85 (Ind. Ct. App. 2004). We will affirm a dismissal for failure to prosecute if there is any evidence supporting the trial court's order. *United Brotherhood of Carpenters & Joiners of Am. v. Merchandising Equip. Grp.*, 963 N.E.2d 602, 606 (Ind. Ct. App. 2012).

[5] Indiana Trial Rule 41(E) provides as follows: "Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing." The purpose of this rule is to ensure that plaintiffs will diligently pursue their claims. *United Brotherhood*, 963 N.E.2d at 606. The burden of moving the litigation is on the plaintiff. *Id.*

[6] Smee acknowledges the lapse of nearly three years between the filing of the complaint and the dates on which she perfected service on the defendants. But she argues that the act of finally perfecting service constituted the resumption of diligent prosecution of the complaint. *See State v. McClaine*, 261 Ind. 60, 63, 300 N.E.2d 342, 344 (1973) (holding that a motion to dismiss for failure to prosecute should be denied if plaintiff resumes diligent prosecution prior to the filing of the motion to dismiss). We disagree, concurring with the analysis of another panel of this Court on this issue:

> Full application of the McClaine rule would preclude using T.R.
> 41(E) as a mechanism for dismissal when T.R. 4 service of

process has not been made with due diligence. Not until summons is finally served does a defendant have reason to file a T.R. 41(E) motion. At the same time plaintiff might be deemed to have resumed prosecution by effecting the service, thereby precluding a timely T.R. 41(E) motion to dismiss. *However, we hold the McClaine rule inapplicable when a cause of action is filed but summons is not served because of undue delay and lack of diligence without cause. In such a case, a party may timely move for a dismissal under T.R. 41(E) after prosecution has been resumed.* To hold otherwise would be inherently unfair to the party who has no knowledge of the pending claim. Thus we conclude the trial rules require a party to exercise due diligence in securing service of process and the remedy for failure to use diligence is not a retrospective determination the statute of limitations was not tolled, but a motion to dismiss for failure to prosecute under T.R. 41(E).

*Geiger & Peters, Inc. v. Am. Fletcher Nat. Bank & Trust Co.*, 428 N.E.2d 1279, 1283 (Ind. Ct. App. 1981) (emphasis added). We agree with the *Geiger* Court's analysis, and decline to apply the *McClaine* rule to this situation.[1]

[7] Smee argues that we should not apply the *Geiger* analysis here because the defendants knew of the lawsuit. We disagree, as there is no evidence in the record supporting that assertion. The mere fact that Smee's attorney was in touch with the defendants' insurer in no way establishes that either Johnson or Northern had any knowledge of the complaint.

---

[1] Smee contends that the *Geiger* analysis was dicta. Whether or not that is true, we believe that the analysis is sound and echo it here today.

[8] In sum, we find that the mere act of perfecting service did not constitute a resumption of diligent prosecution. The trial court did not err by dismissing for failure to prosecute where nearly three years passed between the filing of the complaint and the perfection of service on the defendants.

[9] Smee also contends, essentially, that the sixty-day timeframe in Trial Rule 41(E) should be tolled because her attorney was involved in negotiations with the defendants' insurer. We do not find this argument compelling. Our Supreme Court has held that while defendants may be estopped from asserting a timeliness defense if they induce the plaintiff to allow the statutory period to expire, simple openness to negotiations is insufficient. *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990). Instead, the defendant's conduct must lull the plaintiff into inaction. *Id.*

[10] In this case, there is no evidence that Johnson or Northern were parties to the negotiations or had any knowledge whatsoever that the lawsuit was pending. Furthermore, there is no evidence in the record that the insurer told Smee's attorney that resolution was likely or imminent, nor is there evidence that the insurer stated it would excuse Smee's failure to diligently attempt to perfect service on Johnson and Northern. Consequently, we decline to reverse on this basis.

[11] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.