## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 23 2019, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Renee' M. Babcoke
Miller Beach (Gary), Indiana

ATTORNEY FOR APPELLEE

Rodney Pol, Jr.
Assistant City Attorney
Gary, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andy's Truck and Equipment Co., Inc., Andrew Young, and D.A.Y. Investments, LLC, *Appellants*, <br><br> v. <br><br> City of Gary, *Appellee*. | July 23, 2019 <br><br> Court of Appeals Case No. 18A-OV-1708 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable John Pera, Judge <br><br> Trial Court Cause Nos. 45D10-1608-OV-2 45D10-1608-OV-1 45D10-1608-OV-3 45D10-1609-OV-5 45D10-1611-OV-6 |

**Brown, Judge.**

[1] Andy's Truck and Equipment Co., Inc., ("Andy's Truck"), Andrew Young ("Young"), and D.A.Y. Investments, LLC, (collectively, the "Appellants") appeal the dismissal of their requests for trials *de novo*. They raise one issue which we revise and restate as:

I. Whether the trial court abused its discretion by denying their Motions to Deem Requests to Be Admitted;

II. Whether the court abused its discretion in dismissing their requests for trials *de novo*.

We affirm in part, reverse in part, and remand.

### *Facts and Procedural History*

[2] The City of Gary (the "City") filed a number of ordinance violations against Andy's Truck including excessive amount of trash debris, abandoned vehicles, and high weeds and grass under cause numbers 45D10-1608-OV-1 ("Cause No. OV-1") and 45D10-1608-OV-2 ("Cause No. OV-2"). The City filed a number of ordinance violations against Young including high weeds and grass, uncontrolled litter, and failing to clean up spills beneath leaking vehicles under cause numbers 45D10-1608-OV-3 ("Cause No. OV-3") and 45D10-1609-OV-5 ("Cause No. OV-5"). The City also alleged D.A.Y. Investments, LLC, committed the offense of "[c]reating a nuisance, excessive amount of trash

debris that is injurious to anyone's health" under cause number 45D10-1611-OV-6 ("Cause No. OV-6").[1] Appellee's Appendix Volume II at 35.

[3] In 2016, the Gary City Court entered multiple orders of judgment in favor of the City, ordered Andy's Truck to pay fines in excess of $175,000, ordered Young to pay fines in excess of $120,000, and ordered D.A.Y. Investments, LLC, to pay fines in excess of $18,000. The Appellants filed multiple requests for trials *de novo* in the Lake Superior Court in 2016.

[4] In March 2016, Andy's Truck and Young filed Motions to Strike and Dismiss in the Lake Superior Court and asserted that the City failed to file a duplicate summons or complaint pursuant to Ind. Trial De Novo Rule 2.

[5] On October 11, 2016, the court held a hearing.[2] The court imposed a discovery deadline of May 5th and denied Young's motion to dismiss. The court stated:

> [L]ooking at Rule 2(E), it is true that the City shall file duplicate summons and complaint, but that's only after the City gets the required notice from the Clerk because that is also mandatory and it says, promptly after the Request for Trial *de novo* is filed, the clerk of the circuit court shall send notice. It's the clerk that sends the notice. I agree with you that you did send the notice, [Appellants' Attorney]. But the notice must come from the clerk and also with an order from the court that the prosecuting

---

[1] Without citation to the record, Appellants state that the causes had been pending in the Gary City Court for many years and note: "OV-1 since September, 2013, OV-2 since January, 2013, OV-3 since May, 2009, OV-5 since August, 2009 and OV-6 since November, 2014." Appellants' Brief at 8 n.5.

[2] The transcript lists cause numbers 45D10-1608-OV-1, 45D10-1608-OV-2, 45D10-1608-OV-3, 45D10-1609-OV-5, and 45D10-1611-OV-6.

attorney file a duplicate infraction or ordinance complaint and summons with the clerk charging the infraction. There was never – there may have been notice from the clerk, but there was never an order from the court directing the filing of that. So, your motion to dismiss is denied for that reason.

Appellee's Appendix Volume II at 179-180.

[6] Andy's Truck served Requests to Admit upon the City via regular U.S. mail on March 23, 2017, and electronically on March 27, 2017, with respect to some cause numbers and by mail and electronically on March 30, 2017, with respect to other cause numbers. On May 3, 2017, the City served Answers to Requests to Admit under Cause Nos. OV-1, OV-2, and OV-3.

[7] In August 2017, the Appellants filed Motions to Deem Requests to Be Admitted which cited Ind. Trial Rule 36(A) and argued that the City did not serve responses until May 3, 2017. On August 14, 2017, the City filed Responses to Appellants' Motions to Deem Requests to Admit Admitted under Cause Nos. OV-01, OV-2, OV-3, OV-5, and OV-6. The City asserted that its counsel emailed counsel for Andy's Truck on April 10, 2017, and informed her that he would need more time to reply, that counsel never responded to the request for more time, and the City responded to the discovery request before the deadline by sending responses on May 3, 2017.

[8] Meanwhile, on August 8, 2017, the Appellants filed multiple motions for summary judgment and mentioned the Motions to Deem Requests to Admit Admitted and/or argued that the Indiana Department of Environmental

Management ("IDEM") asserted jurisdiction and referenced Indiana's Home Rule Act. On September 12, 2017, the court scheduled a bench trial for April 30, 2018.

On November 2, 2017, the court held a hearing and denied Appellants' requests for admissions because "these are core issues intended to be litigated by the parties and not something that should be decided by a failure to respond for a few days to a request for admissions." Transcript Volume II at 34. The court also denied the motions for summary judgment and referred the case to mediation.

On January 30, 2018, the court held a hearing, mentioned a bankruptcy, and the Appellants' counsel stated: "Yes. I filed a notice to apprise the Court ahead of any – coming in here after the deadline for mediation and having to explain the situation with Chapter 11s and motions to (indiscernible)." *Id.* at 61. After some discussion, the court stated that all orders with respect to its cases would remain in effect including the obligation to complete mediation by March 2nd. The Appellants' counsel later stated that she could not participate pursuant to federal law. The court asked her why she had not filed a motion to withdraw, and she answered: "Well, no one can participate, your Honor. I have a motion to employ pending for all of these matters." *Id.* at 64. The City's counsel asserted that the Appellants should have filed the proper motions when they filed the bankruptcy petition and not have waited four months. The court stated:

You're the counsel of record for the Defendant. You're under an order from this Court to complete the mediation by March 2nd. There's nothing in front of me to stay it, postpone it, or do anything else. So, we have a trial scheduled, a case management schedule, and you're expected to adhere to it. This matter is not stayed. Which tells me that it's not subject to the Bankruptcy Act to begin with. And if it is, that will be for the bankruptcy judge to sort out later.

*Id.* at 65-66. Appellants' counsel requested a continuance, and the court denied the request.

On March 15, 2018, the Appellants filed an emergency motion for continuance under Cause Nos. OV-1, OV-2, OV-3, OV-5, and OV-6. The motion indicated that: the Appellants filed petitions for Chapter 11 Orders for Relief in the United States Bankruptcy Court for the Northern District of Indiana under certain cause numbers; that the Appellants' counsel filed a "Motion to Employ with the bankruptcy court, but as expected by [the Appellants' counsel] and disclosed to [the City] and this court before trial setting, that motion has not yet been granted"; a final hearing on the Motion to Employ had been rescheduled for pre-hearing on May 10, 2018, "over debtor's objection and due to no fault of debtor or its counsel, who had expected the Motion to Employ to be resolved by the date of filing this motion"; the Appellants' counsel must comply with 11 U.S.C. 327 and she is precluded from providing legal representation to the Appellants until a Motion to Employ has been approved in the Chapter 11 proceeding; and Appellants will be left without legal representation on the currently set trial dates. Appellants' Appendix Volume III at 134.

[12]     On March 23, 2018, the City filed a motion to dismiss the cases pursuant to Ind. Trial Rule 41(E) and asserted in part that the Appellants were cited for municipal code violations dating back to nearly a decade ago in 2009, they failed to properly employ counsel for their bankruptcy cases or obtain authority to employ counsel for the ordinance violation cases, and the mediator was forced to cancel the mediation after both he and the City prepared for and appeared at the mediation as scheduled.

[13]     On April 9, 2018, the court held a hearing. The City's counsel argued in part that he believed that "dismissing their petition and reinstating the fines and violations determined by the Gary City Court would be the proper way to proceed at this time . . . ." Transcript Volume II at 85. After argument, the court denied the request for a continuance and stated that the case was going to trial on April 30th subject to a ruling on the motion to dismiss. The court also told the Appellants' counsel that she had until April 16th to file a response to the City's motion to dismiss.

[14]     On April 16, 2018, the Appellants' counsel filed withdrawals of appearance. Each withdrawal contains a certificate of service which states that the instrument was served on April 16, 2018, and each listed Young and his address and contained a line with what appears to be Young's initials. In a Motion to Withdraw filed on April 19, 2018, the Appellants' counsel asserted that representation of them was "impossible by operation of 11 U.S.C. 327(e) unless or until the bankruptcy court resolves the disputed issue of [her] further representation of the [Appellants] in [her] favor." Appellants' Appendix

Volume III at 142. She asserted that she consulted with her clients on or about April 9, 2018, and advised them to seek independent third-party counsel for legal advice on her withdrawal and that she and her clients agreed on that date that she needed to withdraw. She requested that the court allow her withdrawal and grant the Appellants sixty days to find substitute counsel.

[15] On April 24, 2018, the court denied the motions to withdraw and stated: "The Court, having reviewed the motions, notes that Counsel has not complied with Trial Rule 3.1." *Id.* at 145. That same day, the court granted the City's motions to dismiss, affirmed the judgments of the Gary City Court, and dismissed the Appellants' requests for trials *de novo* with prejudice. The Appellants filed motions for reconsideration and relief from judgment, which the court denied.

## *Discussion*

### I.

[16] The first issue is whether the trial court abused its discretion by denying the Appellants' Motions to Deem Requests to Be Admitted. The Appellants assert that the City did not timely respond to the Requests to Admit or request additional time.[3] The City asserts that the Appellants fail to argue that the

---

[3] The Appellants also assert that the City "offered nothing in support of its Response to Young's Motion for Summary Judgment, nor testimony at hearing thereon, that would be admissible evidence," and that they were entitled to summary judgment. Appellants' Brief at 17. To the extent their motions for summary judgment were based upon the admissions, we cannot say that reversal is warranted as we affirm the trial court's denial of the request for admissions. To the extent their motions for summary judgment referenced

merits of the case were not subserved by withdrawal or that they were prejudiced in their defense by the withdrawal resulting in waiver of its challenge to the trial court's ruling. It also argues that, even if its responses were untimely, the court specifically ruled that the admissions were core issues that should not be defaulted.

[17] Ind. Trial Rule 36(A) provides in part that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters" and that the matter is "admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection." Ind. Trial Rule 36(B) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission," and "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." "As used in Rule 36(B), the word '"prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party

IDEM's jurisdiction or the Home Rule Act, we note that the Appellants do not refer to either in their brief on appeal.

has suffered a detriment in the preparation of his case.'" *Costello v. Zavodnik*, 55 N.E.3d 348, 352-353 (Ind. Ct. App. 2016) (quoting *Corby v. Swank*, 670 N.E.2d 1322, 1326 (Ind. Ct. App. 1996)), *reh'g denied*. "For example, prejudice under the rule may be shown where the party obtaining the admission is unable to produce key witnesses or present important evidence." *City of Muncie v. Peters*, 709 N.E.2d 50, 55 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*.

[18] The Indiana Supreme Court has noted that the underlying purpose of Trial Rule 36(B) is to "avoid the binding effect of inadvertent admissions." *Gen. Motors Corp. v. Aetna Cas. & Sur. Co.*, 573 N.E.2d 885, 889 (Ind. 1991), *reh'g denied*. We will reverse the grant or denial of a motion to withdraw admissions only for an abuse of discretion. *City of Muncie*, 709 N.E.2d at 55.

[19] The Appellants cite only to the argument of their counsel at the November 2, 2017 hearing for the date on which the requests to admit were served. The record reveals that the Motions to Deem Requests to Admit Admitted state that Andy's Truck served some Requests to Admit upon the City via regular U.S. mail on March 23, 2017, and electronically on March 27, 2017, and others were served by mail and electronically on March 30, 2017. The City served responses on May 3, 2017, which was two days prior to the May 5, 2017 discovery deadline and several months before the case was ultimately dismissed in April 2018. We cannot say that allowing the City to withdraw any admissions would prejudice the Appellants in maintaining their action on the merits. On November 2, 2017, the court held a hearing and denied the Appellants' Motions to Deem Requests to Be Admitted because "these are core

issues intended to be litigated by the parties and not something that should be decided by a failure to respond for a few days to a request for admissions." Transcript Volume II at 34. Under the circumstances, we cannot say that the trial court abused its discretion.

## II.

[20] The next issue is whether the trial court abused its discretion in dismissing the Appellants' requests for trials *de novo*. The Appellants argue that the court granted the City's motions to dismiss on the basis of delay when they had no counsel authorized to respond to the motions and they did not delay the trial. The City asserts that the court did not abuse its discretion by dismissing the Appellants' petitions and points to the Appellants' failure to file a reply to its motion to dismiss, their delays throughout the original city court matters, continuing delays in the trial *de novo* matters, failure to obtain counsel, and failure to mediate the matters as ordered by the trial court.

[21] Ind. Trial Rule 41(E) provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and

> upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

[22] We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*. An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Id.* We will affirm if there is any evidence that supports the trial court's decision. *Id.* Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Turner v. Franklin Cty. Four Wheelers Inc.*, 889 N.E.2d 903, 905 (Ind. Ct. App. 2008).

[23] We note that the record shows that at least some action was taken by the Appellants during the period leading up to the court's April 24, 2018 order. Approximately fifty-two days before the City filed its motion to dismiss pursuant to Rule 41(E) on March 23, 2018, the court held a hearing on January 30, 2018, at which the Appellants' counsel argued that she could not participate pursuant to federal law, asserted that she had a pending motion to employ in bankruptcy court, and requested a continuance. The Appellants also filed an emergency motion for continuance on March 15, 2018, eight days before the City filed its motion to dismiss pursuant to Rule 41(E) on March 23, 2018. The emergency motion states in part:

2. [The Appellants] cannot prosecute or defend themselves in this matter without a counsel of record, as they are largely Limited Liability Companies (LLCs), or corporations (Corp.'s) not individuals, and plaintiff is seeking an amount in excess of $1,500. S.C. Rule 8(C).

3. In any event, [the Appellants] are entitled to legal representation, if they so choose.

4. Defendants filed Petitions for chapter 11 Orders for Relief in the U.S. Bankruptcy Court for the Northern District of Indiana under cause numbers (D.A.Y. Investments, LLC) 17-22657; (Surplus Management Systems, LLC) 17-22658; (Andy's Truck and Equipment Co., Inc.) 17-22661; (Andrew Young) 17-22665; (Gary II, LLC) 17-22696 on or about September 17, 2017. Pursuant to F.R.B.P[.] 2002, [the City] received Notice of the bankruptcy filing through the Clerk of the U.S. Bankruptcy Court.

5. [The Appellants'] counsel personally informed [the City's] counsel and this court of the Petitions for Order of Relief when she last stepped up before this court and advised that any counsel wishing to represent these debtors in a state or municipal court proceeding had to obtain authority to do so from the presiding judge in the cause numbers set forth above.

6. [The Appellants'] counsel has filed a Motion to Employ with the bankruptcy court, but as expected by defense counsel and disclosed to [the City] and this court before trial setting, that motion has not yet been granted. Unfortunately, final hearing on defense counsel's Motion to Employ in this matter has been re-set for pre-hearing to May 10, 2018 over debtor's objection and due to no fault of debtor or its counsel, who had expected the Motion to Employ to be resolved by the date of filing this motion.

8. [sic] Debtors' counsel must comply with 11 U.S.C. 327 ("Employment of Professional Persons"), as applied by the U.S.

> Bankruptcy Court for the Northern District of Indiana and all rules of ethics. As such, she, and any other legal counsel, is precluded from providing legal representation to defendants until a Motion to Employ has been approved in the debtors' Chapter 11 proceeding.
>
> 9. This motion is not presented for the purpose of harassment or delay. [The Appellants] herein will simply be left without legal representation on the currently set trial dates, which would certainly result in further delay.

Appellants' Appendix Volume III at 134 (footnote omitted). The Appellants' counsel filed withdrawals of appearance on April 16, 2018, in which she requested the court to grant the Appellants sixty days to find substitute counsel. Further, at the time the City filed its motion to dismiss, the court had already scheduled a trial on September 12, 2017, for April 30, 2018. Under these circumstances, the record does not show that the requirements for dismissal for failure to prosecute as set forth in Rule 41(E) were satisfied, and we conclude that any dismissal pursuant to that subsection was improper and the trial court abused its discretion when it imposed the harshest possible sanction in dismissing the Appellants' motions for trials *de novo*. *See State v. McClaine*, 261 Ind. 60, 63, 300 N.E.2d 342, 344 (1973) ("The burden is clearly on the defendant to timely file a motion to dismiss pursuant to TR. 41(E). That is to say, the defendant must file his motion after the sixty-day period has expired and before the plaintiff resumes prosecution. The defendants in this case moved to dismiss after the plaintiff filed its request for trial and thereby failed to meet the requirements of TR. 41(E)."); *Babchuk v. Ind. Univ. Health Tipton Hosp., Inc.*, 30 N.E.3d 1252, 1255 (Ind. Ct. App. 2015) (observing that it is the

defendant's burden to timely file a Trial Rule 41(E) motion to dismiss and the motion must be filed before the plaintiff resumes prosecution, rejecting the defendant's argument that the plaintiff's motion to stay did not constitute resumption of prosecution for purposes of Rule 41(E) where the plaintiff requested a scheduling conference in the alternative, and holding that the defendant's Rule 41(E) motion was untimely and the trial court abused its discretion when it dismissed the plaintiff's complaint); *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993) (holding that the granting of a Trial Rule 41(E) motion is an abuse of discretion when trial had already been scheduled and all that was available for the plaintiffs to do at that time was wait).[4]

### Conclusion

[24] For the foregoing reasons, we affirm the trial court's denial of the Appellants' Motions to Deem Requests to Be Admitted, reverse the court's dismissal of Appellants' requests for trials *de novo*, and remand for proceedings consistent with this opinion.

[25] Affirmed in part, reversed in part, and remanded.

May, J., and Mathias, J., concur.

---

[4] Because we conclude that the trial court abused its discretion in dismissing the Appellants' motions for trials *de novo*, we need not address the Appellants' remaining arguments regarding Ind. Trial De Novo Rule 2 or the motions to continue or withdraw.