

I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 24S-PL-75

## Jeffrey L. Foster, Kathie J. Foster, and the Earl Goodwine Trust,
*Appellants*



FILED

Jun 27 2024, 2:31 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

–v–

## First Merchants Bank, N.A.,
*Appellee*

Argued: April 25, 2024 | Decided: June 27, 2024

Appeal from the Benton Circuit Court
No. 04C01-1101-PL-10
The Honorable John D. Potter, Special Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-PL-473

**Opinion by Chief Justice Rush**

Justices Massa, Goff, and Molter concur.
Justice Slaughter dissents with separate opinion.

**Rush, Chief Justice.**

Since our state's founding, the Indiana Constitution has required justice to be administered "without delay." Ind. Const. art. 1, § 12; *see also* Ind. Const. of 1816, art. 1, § 11. One way our judicial system effectuates that mandate is through our procedural rules. Indeed, our rules of trial procedure "shall be construed to secure the just, speedy and inexpensive determination of every action." Ind. Trial Rule 1. To that end, Trial Rule 41(E) allows a litigant to seek dismissal of a civil case for a party's failure to move the case along. But a trial court can only consider the merits of a motion invoking Rule 41(E) if it is timely. To be timely, the motion must be filed after no action has been taken in the case for at least sixty days and before the other party resumes prosecution.

Here, the defendant moved to dismiss the plaintiffs' case under Rule 41(E) and, alternatively, under the equitable doctrine of laches. The trial court granted the motion based on Rule 41(E), finding the plaintiffs' case had laid "dormant for longer times than many Pacific Rim volcanoes." In appealing that decision, the plaintiffs argue the trial court erred because the defendant's motion was untimely for Rule 41(E) purposes. We agree.

Although the plaintiffs did little to advance their case for several years, they resumed prosecution by requesting a case-management conference before the defendant moved for dismissal under Rule 41(E). Thus, the case could not be dismissed under that rule, and we hold that the trial court abused its discretion in concluding otherwise. We also reject the defendant's alternative argument, as we hold that the equitable doctrine of laches does not apply here. Accordingly, we reverse.

## Facts and Procedural History

Between 2008 and 2009, Treslong Dairy, LLC, executed three relevant promissory notes. The first was with First Merchants Bank, granting it a security interest in Treslong's property, including farm products, haylage, and corn silage. The second was with the Earl Goodwine Trust, granting it a security interest in the haylage it had grown and sold to Treslong. And

the third was with Jeffrey and Kathie Foster, granting them a security interest in the corn silage they had grown and sold to Treslong.

After Treslong defaulted on its note with the Bank, the Bank sued to collect its debt in October 2009, and both the Trust and the Fosters (collectively "Farmers"), subsequently intervened in the action. At that time, Treslong owed the Bank approximately $330,000, and it owed the Farmers approximately $240,000. The next month, the Bank entered into a prejudgment agreement with Treslong after which it tried to sell its property. When Treslong failed to do so, the Bank sought final judgment on its unpaid balance. A court granted judgment in the Bank's favor for $331,688.96 and ordered it to sell Treslong's property, including the haylage and corn silage, "in a commercially reasonable manner." In August 2010, the Bank sold the haylage and corn silage for $230,000, which was insufficient to satisfy the full judgment. Accordingly, as junior lienholders, the Farmers received no proceeds from the sale.

A few months later, on January 31, 2011, the Farmers sued the Bank for money damages, claiming that the sale "was not conducted in a [commercially] reasonable manner," and the Bank answered the complaint in April. Over the next three years, the Farmers made little progress in prosecuting their claim. Aside from attorney appearances and withdrawals, the CCS reveals no action until 2014 when the Farmers served written discovery requests to the Bank. The Bank timely responded in July by producing "over 11,000 pages of documents." After that, the case remained dormant until June 2018 when one of the Bank's attorneys moved to withdraw from the case.

Finally, nearly four years later, on May 17, 2022, new attorneys entered appearances for the Farmers and moved for a case-management conference. In June, a special judge scheduled a conference for July, but it was rescheduled to August 22. Ten days before that conference, the Bank moved to dismiss the Farmers' complaint with prejudice for alternative reasons: under Trial Rule 41(E) for failure to prosecute the case or under "the equitable doctrine of laches." Following a hearing, the trial court granted the Bank's motion and dismissed the case with prejudice under

Rule 41(E). Based on that decision, the court found it "need not address the issue of laches."

The Farmers appealed, and our Court of Appeals reversed the trial court's decision as to Rule 41(E) but affirmed based on laches. *Foster v. First Merch. Bank, N.A.*, 217 N.E.3d 1248, 1250 (Ind. Ct. App. 2023). The Farmers petitioned for transfer, which we granted, vacating the Court of Appeals' opinion. Ind. Appellate Rule 58(A).

## Standard of Review

The Bank's motion to dismiss was styled as one for summary judgment because it included exhibits outside the pleadings. Though Trial Rule 12 permits certain dismissal motions to be treated as summary judgment motions, Trial Rule 41 does not. *Compare* T.R. 12(B) & (C), *with* T.R. 41. So with respect to the Bank's Rule 41(E) argument, we construe the motion as one to dismiss for failure to prosecute.

As a result, this case implicates two standards of review. We review the trial court's dismissal under Rule 41(E) for an abuse of discretion. *Babchuk v. Ind. Univ. Health Tipton Hosp., Inc.*, 30 N.E.3d 1252, 1254 (Ind. Ct. App. 2015). A court abuses its discretion if its decision either "misinterprets the law or clearly contravenes the logic and effect of the facts and circumstances before the court." *Smith v. Franklin Twp. Cmty. Sch. Corp.*, 151 N.E.3d 271, 273 (Ind. 2020). But whether the doctrine of laches applies is a question of law that we review de novo. *See City of Hammond v. Rostankovski*, 148 N.E.3d 1165, 1169 (Ind. Ct. App. 2020).

## Discussion and Decision

As the one filing a complaint, the plaintiff bears the primary burden of moving a case along to achieve speedy justice. And a defendant has tools to hold the plaintiff to that burden, including Trial Rule 41(E) and the equitable doctrine of laches. But these tools operate in distinct circumstances.

Rule 41(E) permits a defendant to move to dismiss a plaintiff's civil case "when no action has been taken" for at least sixty days. T.R. 41(E). But for that motion to be "timely," this Court established over fifty years ago that it must be filed "before the plaintiff resumes prosecution." *State v. McClaine*, 300 N.E.2d 342, 344 (Ind. 1973). Thus, a Rule 41(E) motion is timely only if it is filed "after the sixty-day period has expired and before the plaintiff resumes prosecution." *Id.* (emphasis omitted). If a defendant fails to meet this bright-line requirement, Rule 41(E) is not a proper basis for dismissal. *See id.* at 344–45; *see also, e.g., Babchuk*, 30 N.E.3d at 1254. Laches, however, is a defense that may bar a plaintiff from bringing a claim that seeks equitable relief if the defendant satisfies certain requirements. *See SMDfund, Inc. v. Fort Wayne–Allen Cnty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005).

Resolving this case entails clarifying both avenues for dismissal without passing judgment on the merits of the Farmers' claim. As for Rule 41(E), the Bank asks us to depart from our well-established timeliness requirement because the Farmers did "nothing to advance the case" for "over a decade." The Farmers, on the other hand, contend the trial court erred in dismissing their case because they "resumed active litigation" by "moving for a case management conference" before the Bank sought dismissal. We agree with the Farmers. Because the Bank moved for dismissal under Rule 41(E) after the Farmers had resumed prosecution, that rule is not a proper basis for dismissal. Thus, we hold that the trial court abused its discretion in concluding otherwise. And though the court did not dismiss the case on laches, we hold that it does not apply here.

## I. Dismissal was not available under Trial Rule 41(E) since the Farmers resumed prosecution before the Bank sought dismissal.

Trial Rule 41(E) dictates that "when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case." T.R. 41(E). The purpose of the rule is "to ensure that plaintiffs will

diligently pursue their claims." *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003) (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993)), *trans. denied*. To fulfill that purpose, a Rule 41(E) motion must also be filed "before the plaintiff resumes prosecution." *McClaine*, 300 N.E.2d at 344.

For over fifty years, our courts have consistently adhered to the bright-line requirement that a Rule 41(E) motion is timely only if it is filed "after the sixty-day period has expired and before the plaintiff resumes prosecution." *Id.* (emphasis omitted). For example, this Court in *McClaine* reversed a trial court's dismissal because the defendants filed their motion after the plaintiff requested a trial date. *Id.* at 344–45. The plaintiff's previous years-long lapses of time in prosecuting the claim were inconsequential; what mattered was that the defendants filed their Rule 41(E) motion nine days after the plaintiff requested a trial date. *Id.* at 344. Thus, the defendants "failed to meet the requirements of" Rule 41(E). *Id.* For the same reason, our Court of Appeals reversed a trial court's dismissal in *Babchuk* because the defendant moved for dismissal under Rule 41(E) after the plaintiffs resumed prosecution by requesting a scheduling conference. 30 N.E.3d at 1255; *see also Benton*, 622 N.E.2d at 1006.

Here, like the defendants in *McClaine* and *Babchuk,* the Bank moved for dismissal under Rule 41(E) after the Farmers resumed prosecution by requesting a case management conference. Indeed, that request evinced the Farmers' intent to move forward with litigation. Though it's true that the Farmers did not prosecute their claim for several years before that request, their inaction does not excuse the Bank from its burden to satisfy Rule 41(E)'s timeliness requirement.

Despite this seemingly straight-forward result, the Bank contends that "Indiana courts have moved away from a bright-line application" of Rule 41(E) to a test that balances "certain factors" in determining whether dismissal is appropriate. In support, the Bank cites *Belcaster v. Miller*, 785 N.E.2d 1164 (Ind. Ct. App. 2003), *trans. denied*, and *Indiana Department of Natural Resources v. Ritz*, 945 N.E.2d 209 (Ind. Ct. App. 2011), *trans. denied*.

But a review of those decisions establishes the Bank is mistaken, as each case included a timely motion.

In *Belcaster*, two defendants moved to dismiss under Rule 41(E) before the plaintiffs resumed prosecution, and two other defendants filed their motion afterward. 785 N.E.2d at 1166, 1168–69. In affirming the trial court's decision dismissing the plaintiffs' case, the panel recognized that Rule 41(E)'s purpose of ensuring "plaintiffs diligently pursue their claims" is satisfied "if one defendant files a motion to dismiss for failure to prosecute before a plaintiff resumes prosecution." *Id.* at 1169. Likewise, in *Ritz*, the trial court *sua sponte* moved to dismiss the plaintiff's case under Rule 41(E) and ultimately did so before the plaintiff resumed prosecution. 945 N.E.2d at 211–12. So while each of the above panels reviewed the merits of the trial courts' decisions by balancing several factors, that balancing was proper only because each case included a timely Rule 41(E) motion.

All in all, Rule 41(E) and decades of precedent applying it establish that a defendant bears the burden of moving for dismissal "after the sixty-day period has expired and before the plaintiff resumes prosecution." *McClaine*, 300 N.E.2d at 344 (emphasis omitted). This bright-line rule not only fulfills the purpose of Rule 41(E) but also reflects the view that such dismissals are "extreme remedies that should be granted only under limited circumstances," *Deutsche Bank Nat. Tr. Co. v. Harris*, 985 N.E.2d 804, 814 (Ind. Ct. App. 2013), and our preference that cases be resolved on their merits, *Huntington Nat'l Bank v. Car-X Assoc. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015). And so, because the Farmers resumed prosecution of their case before the Bank moved for dismissal under Rule 41(E), the trial court abused its discretion in dismissing the case under that rule.

We now turn to the Bank's alternative argument—that dismissal was appropriate under the doctrine of laches.

## II. The equitable doctrine of laches does not bar the Farmers' legal claim for money damages.

Laches is a doctrine that, when applicable, bars a plaintiff from seeking equitable relief. *SMDfund*, 831 N.E.2d at 729. The doctrine's "principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 (2014). Because the Farmers are seeking legal relief in the form of money damages, they argue that laches does not apply. The Bank does not squarely address this argument, responding instead that the Farmers "abandoned" their claim and thus laches applies as an "equitable defense." But "abandonment" is not an explicit element of laches. *See, e.g.*, *SMDfund*, 831 N.E.2d at 729. And we agree with the Farmers that laches does not apply.

The Farmers seek damages for the Bank's alleged failure to conduct a commercially reasonable sale—a claim for **legal**, not equitable, relief. The Bank has not identified a single case from our appellate courts, and we are aware of none, in which laches barred an otherwise timely legal claim for money damages. Though we recognize that other jurisdictions have held that laches can apply to some legal claims, *see* 30A C.J.S. *Equity* § 140 (2024), the U.S. Supreme Court has consistently "cautioned against invoking laches to bar legal relief," *Petrella*, 572 U.S. at 678 (collecting cases). The Bank has provided no reason either below or on appeal for us to disregard that caution here.

## Conclusion

The trial court abused its discretion in dismissing the case under Trial Rule 41(E) because the Farmers resumed prosecution before the Bank moved for dismissal under that rule. And we find no reason to bar the Farmers' claim based on the equitable doctrine of laches. Accordingly, we reverse the court's dismissal order and remand for proceedings consistent with this opinion.

Massa, Goff, and Molter, JJ., concur.
Slaughter, J., dissents with separate opinion.


ATTORNEYS FOR APPELLANTS
Tomas M. Thompson
Thompson Legal LLC
Morocco, Indiana

Daniel C. Blaney
Blaney & Walton
Morocco, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Jones
James P. Moloy
Bose McKinney & Evans LLP
Indianapolis, Indiana

**Slaughter, J., dissenting.**

I respectfully dissent. The Court, applying our fifty-year-old precedent in *State v. McClaine*, 300 N.E.2d 342 (Ind. 1973), reverses the trial court and holds that dismissal is not proper because the defendant's Trial Rule 41(E) motion was not timely and should not have been granted. Although the Court applies *McClaine* faithfully, I believe *McClaine* was wrongly decided and should be reconsidered.

A

The key facts are undisputed. The plaintiffs are junior lienholders. In January 2011 they sued the bank, a senior lienholder, after the bank sold the collateral securing their interests at a price insufficient to satisfy their interest, claiming the sale was not commercially reasonable. Three years passed with no action taken when the plaintiffs served written discovery on the bank. After the bank timely responded, the case remained dormant another eight years. In May 2022 new lawyers for the plaintiffs sought a case-management conference. Ten days before the conference, the bank moved to dismiss the plaintiffs' complaint with prejudice on alternative grounds: failure to prosecute the case under Rule 41(E) or under the equitable doctrine of laches.

The trial court granted relief under Rule 41(E) and did not address laches. The court of appeals affirmed but based its decision on laches and not Rule 41(E). On transfer, the Court today reverses the trial court and holds that dismissal was improper under both Rule 41(E) and laches. In my view, we should affirm the trial court's dismissal under Rule 41(E).

B

Trial Rule 41(E) governs motions to dismiss for failure to prosecute. By its terms, the rule authorizes dismissal on this ground "when no action has been taken in a civil case for a period of sixty [60] days". Ind. Trial Rule 41(E). The rule describes when such motions become ripe: when sixty days have lapsed with no action taken. The rule says nothing about when—or if—such motions time out. Yet *McClaine* reads such a requirement into the rule. *McClaine* holds that a Rule 41(E) motion must be filed "before the plaintiff resumes prosecution." 300 N.E.2d at 344.

Nothing in Rule 41(E) compels *McClaine*'s holding or today's result—that somnolent plaintiffs can withstand dismissal after a decade of inactivity, so long as they beat the defendant to the courthouse with something (anything) suggesting a resumption of the case. Here, that something was a one-sentence motion to set a case-management conference.

We should leave it to the trial court's discretion whether to grant a Rule 41(E) motion filed after a plaintiff resumes prosecution. Rule 41(E) permits the trial court to keep a dilatory plaintiff's case alive when the plaintiff has good reason for its delay or will diligently prosecute going forward. Under the rule, the trial court dismisses only if the plaintiff does "not show sufficient cause" for its failure to prosecute. T.R. 41(E). And even then, the trial court may withhold dismissal "subject to the condition that the plaintiff comply with these rules and diligently prosecute the action". *Ibid*. In contrast, *McClaine* permits plaintiffs to engage in endless delay so long as they file something before the defendant (or the court) calls them on it. But merely resuming prosecution should not automatically bar dismissal. Trial courts should have flexibility to dismiss actions when a plaintiff shirks its duty to "diligently prosecute the action". *Ibid.*

In sum, Rule 41(E) does not treat the bank's motion as stale. *McClaine* may require that result, but I prefer to enforce our rules as written and not our strained, non-textual interpretations of them. Thus, I would overrule *McClaine* and treat the bank's motion as timely. Then I would review for an abuse of discretion the trial court's finding that the plaintiffs failed to show sufficient cause for their failure to prosecute. On this record, I would affirm the trial court's judgment dismissing the plaintiffs' complaint with prejudice under Rule 41(E).